**In the Interest of K.E.T., C.J.T., and K.R.T.**

No. 04–97–00880–CV.

Court of Appeals of Texas, San Antonio.

May 27, 1998.

William M. Brookman, Law Offices of Patrick J. Stolmeier, San Antonio, for Appellant.

Maria Larson, Asst. Atty. Gen., Child Support Division, San Antonio, Rhonda Amkraut Pressley, Asst. Atty. Gen., Child Support Enforecment Division, Austin, Arthur G. Augustine, Law Offices of Martin W. Seidler, San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

Robert J. Taylor appeals an order modifying his child support obligation and awarding the State arrearages in the amount of $11,-645.00. The crux of Taylor's argument is that the trial court erred in refusing to credit his support obligation by the amount his children have received in social security disability payments. We affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Robert Taylor and Colleen Palacios were divorced in November of 1991. They have three children, K.E.T., C.J.T., and K.R.T. Palacios was named managing conservator of the children, and Taylor was ordered to pay her $298.00 per month in child support, beginning December 1, 1991. The divorce decree provided that all child support payments were to be made through the Bexar County Child Support Office.

Taylor made child support payments through the child support office through March of 1992. However, in March of 1992, Taylor suffered a disabling injury and has been unable to work since that time. He has made no further child support payments through the child support office.

From April of 1992 through January of 1996, Palacios supported the children with assistance from governmental programs, including AFDC, public housing, and food stamps. In September of 1994, the Texas Attorney General's Office filed a notice of assignment in the trial court. The notice indicated that because Taylor's children were receiving public assistance, their right to receive child support had been assigned to the State. *See* TEX. HUM. RES.CODE ANN. § 76.003 (Vernon 1990) (repealed and replaced by TEX. FAM.CODE ANN. § 231.104 (Vernon Supp.1995)). Accordingly, the trial court entered an order directing that the child support payments in this case be paid to the Attorney General.

Following his injury in March 1992, Taylor applied for and was denied social security disability benefits. However, in January of 1996, Taylor won his appeal and Palacios began to receive social security payments on behalf of Taylor for benefit of the children. She received a lump sum payment of $13,584 in January of 1996, and between $366 and $388 per month thereafter. Also in January of 1996, Taylor began making direct child support payments to Palacios in the amount of $300 per month.

After the State intercepted $3,128.00 from Taylor's IRS payment, Taylor filed a motion to modify, clarify and credit child-support overpayment amount, alleging that the total amount paid to Palacios on Taylor's behalf exceeds his child support obligation. Both Palacios and the Attorney General responded with motions to enforce the child support order, contending that Taylor was in arrears $18,203.99. The $18,203.99 amount reflects credits for payments made through the child support office, the IRS intercept, and the payments Taylor made directly to Palacios.

Trial was before the court. Taylor noted that Palacios had received $19,500 from the Social Security Administration for the benefit of the children. Because the social security payments were made on his behalf, he argued that he was entitled to a $19,500 credit against the arrearage amount. The Attorney General argued that $11,645 of the arrearage amount belonged to the State by virtue of the 1994 assignment, and that social security payments received by Palacios could not be used to offset that amount. The trial court granted a partial credit for the social security payments made to Palacios, but refused to apply an offset to the arrears that had been assigned to the State. Accordingly, the trial court entered an $11,645 judgment in favor of the State.

## ARGUMENT AND AUTHORITIES

In his first issue on appeal, Taylor contends that the trial court erred in failing to enter findings of fact and conclusions of law. The record reflects that Taylor properly requested findings of fact and conclusions of law on August 11, 1997. *See* TEX.R. CIV. P. 296. When none were entered, Taylor filed a notice of past due findings of fact and conclusions of law on September 9, 1997. *See* TEX.R. CIV. P. 297. In his brief, Taylor complains that the trial court's failure to file findings of fact and conclusions of law, despite his timely request and reminder, mandates that this appeal be abated and the case remanded to the trial court with instructions to enter the requested findings. However, during the oral submission of this case, Taylor acknowledged that his right to appeal was not prejudiced by the trial court's failure to enter the findings.

 We note that the trial court's duty to file findings and conclusions is mandatory. *Cherne Industries, Inc. v. Magallanes*, 763 S.W.2d 768, 771 (Tex.1989). If the trial court fails to prepare and file findings of fact and conclusions of law after a proper request and reminder, harm is generally presumed. *Brown v. McGonagill*, 940 S.W.2d 178, 180 (Tex.App.—San Antonio 1996, no writ). However, the presumption of harm may be overcome if the record affirmatively shows that the complaining party suffered no injury. *Las Vegas Pecan & Cattle Co., Inc. v. Zavala County*, 682 S.W.2d 254, 256 (Tex. 1984). Because Taylor concedes he suffered no harm by the trial court's failure to respond to his requests for findings of fact and conclusions of law, we overrule his first issue on appeal.

 In his second issue on appeal, Taylor contends that the trial court erred when it

refused to credit the full amount of social security payments received by Palacios, for benefit of the children, to Taylor's child support arrearage. The record reflects that, as a consequence of Taylor's disability, Palacios received a total of $19,500 in social security payments for the support of the children. At the time of trial, Taylor's child support obligation arrearage was $18, 203.99. Taylor alleged that he was entitled to offset the arrearage amount with the full amount received by the children on his behalf.

However, during the course of the four years that Palacios was receiving public assistance, she received $11,645 from the State for the support of the children. The law provides that the State is entitled to recoup that amount from child support owed by Taylor. *See* TEX. HUM. RES.CODE ANN. § 76.003 (Vernon 1990) (repealed and replaced by TEX. FAM.CODE ANN. § 231.104 (Vernon Supp.1995)). The State argued that amounts paid to the children by the Social Security Administration can not be used to satisfy Taylor's debt to the State.

In order to resolve this conflict, the trial court, in effect, "split the baby." It allowed Taylor an offset for some of the social security payments received by the children, but continued to hold Taylor responsible for that portion of the child support obligation assigned to the State. According to Taylor, this was error as he was entitled to offset the entire amount of social security benefits received by the children.

In a well-reasoned opinion, the Texarkana court of appeals held that a parent does have the right to receive credit for social security payments made for a child. *See In the Interest of Allsup*, 926 S.W.2d 323, 327 (Tex. App.—Texarkana 1996, no writ). While the *Allsup* case involved social security retirement benefits, the court analyzed the issue in such a way that their holding applies to disability benefits as well. *See id.* As a practical matter, the facts in *Allsup* appear to be quite similar to the facts of this case.

Allsup's father ceased paying his child support obligations when Allsup began to directly receive social security benefits as a result of his father's retirement. *Id.* at 324. Allsup's mother filed a motion to enforce the child support order, which the trial court denied. *Id.* The trial court held that all previously ordered child support was to be credited with and discharged by the social security benefits paid for Allsup's benefit. *Id.* The court of appeals affirmed the trial court's decision. *Id.* at 327.

In spite of their similarities, however, *Allsup* is distinguishable from this case on one important front. It did not involve child support arrears which have been assigned to the State. In this case, the arrearages at issue are owed to the State as assignee of Palacios's right to receive child support obligations. *See* TEX. HUM. RES.CODE ANN. § 76.003 (Vernon 1990) (repealed and replaced by TEX. FAM.CODE ANN. § 231.104 (Vernon Supp.1995)). However, under federal law, social security benefits are to be paid directly to the family and may not be assigned. 42 U.S.C.A. § 407 (West 1991). Consequently, if Taylor's arrearages were to be completely offset by the social security benefits in this case, the State would be left without a remedy because they never could have and cannot collect social security benefits in satisfaction of the assignment. *See Hennagin v. Yolo*, 481 F.Supp. 923, 924 (E.D.Cal.1979) (holding that, although State was assigned the right to receive child support paid on children's behalf, it could not collect social security payments made to children). Because Taylor was obligated to pay his child support obligation directly to the State during the period of assignment, the social security benefits could not be used to satisfy his obligation to the State where those benefits have to be paid directly to the family and are unassignable.

Taylor was given all of the offsets he was entitled to as they applied to his obligation to Palacios and his children.[1] His debt to the

---

1. The trial court's order also modified Taylor's future child support obligations. Notably, the trial court did away with Taylor's $298 per month payment and required Taylor to pay only the amount necessary to ensure the children re-

ceived health insurance. The record reflects that this was done in consideration of the monthly social security payments received by the children. So, in effect, the social security payments that will be received by the children are being

State, however, may not be so easily discharged. Taylor should have filed a motion to modify the terms of his child support obligation when he became disabled or, at the very least, when he received notice of the assignment. An existing child support order may be modified if the circumstances of the child or a person affected by the order have materially and substantially changed since the order was signed. *Tucker v. Tucker*, 908 S.W.2d 530, 532 (Tex.App.—San Antonio 1995, writ denied); TEX. FAM.CODE ANN. § 156.401 (Vernon 1996). With the drastic change in Taylor's circumstances, his obligation could have been modified to avoid the creation of debt to the State. However, Taylor waited five years before making any effort to explain his situation to the trial court. At that point, his debt to the State was in place.

Under these circumstances, the trial court did not err in refusing to offset the assigned portion of Taylor's child support arrearage by the entire amount of social security benefits received by Taylor's children. The judgment of the trial court is affirmed.

credited to Taylor's future child support obligations.