In the Interest of Donald G. RICH, Jr.

No. 04–98–00669–CV.

Court of Appeals of Texas,
San Antonio.

April 14, 1999.

Morris J. Kirschberg, Morris J. Kirschberg, P.C., San Antonio, for Appellant.

Alicia Denise Calderon, Law Office of Alicia Denise Calderon, San Antonio, for Appellee.

Before PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice and KAREN ANGELINI, Justice.

**OPINION**

Opinion by: PHIL HARDBERGER, Chief Justice.

This appeal raises the issue of whether a father is entitled to a credit against child support for social security disability benefits paid to the child's mother for the benefit of the child as a result of the father's disability. In two points of error, the appellant contends: (1) the trial court erred in denying him a credit for such payments;

and (2) the trial court erred in failing to file findings of fact and conclusions of law.

We do not have jurisdiction to review the trial court's contempt findings on direct appeal; therefore, that portion of the appeal relating to the contempt findings is dismissed. We do have jurisdiction to consider the issue of whether the trial court should have allowed the credit, and because we conclude that the appellant was entitled to a credit for the social security disability payments as a matter of law, we reverse that portion of the trial court's order denying the credit and remand the cause for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

Donald Gene Rich, Sr. ("Donald") and Rebecca Marie Rich ("Rebecca") were divorced in August of 1994. The Final Decree of Divorce required Donald to pay Rebecca $260 per month in child support. Donald qualified for social security disability benefits in 1994 and began receiving payments in January of 1995. Rebecca also began receiving payments for the benefit of Donald G. Rich, Jr. ("Child"). At the time of the hearing producing the order which is before us on appeal, Donald was receiving $989 in social security disability benefits each month, and Rebecca was receiving $516 in social security disability benefits each month for the benefit of the Child.

In March of 1995, Rebecca filed a motion for enforcement of the child support order. The motion was set for a hearing in April of 1995. Donald failed to appear for the hearing so an order for writ of attachment and setting of bond was entered, ordering the issuance of a writ of attachment but permitting the posting of a bond subject to forfeiture if Donald failed to appear for the next scheduled hearing. Donald posted the bond and subsequently filed a motion to modify, requesting that his child support obligation be reduced due to changed circumstances.

In June of 1995, the motion for enforcement was heard, and an order was signed by the trial court on August 3, 1995. The trial court found that Donald was in contempt for failing to pay child support and confirmed that Donald was in arrears for child support in the amount of $2,900, for medical support in the amount of $739.90, and that prejudgment interest had accrued in the amount of $89.95. A judgment was awarded against Donald in the total amount of $3,729.85. The commitment Donald was ordered to serve was suspended on the condition that Donald remain current on future child support and pay an additional $75 each month to reduce the arrearage judgment.

In September of 1995, Donald's motion to modify was heard, and an order was signed by the trial court on October 2, 1995, denying the motion. The trial court found no material or substantial change in the circumstances of the parties or the Child.

In April of 1996, Rebecca filed a motion to revoke suspension of commitment. Donald was ordered to appear and respond on May 2, 1996. A subsequent order was entered, ordering Donald to appear on May 17, 1996. A third order was entered, ordering Donald to appear on June 21, 1996. Donald failed to appear for the hearing on June 21, 1996, and an order for writ of attachment and setting of bond was entered, ordering the issuance of a writ of attachment but permitting the posting of a bond.

In December of 1997, Donald filed a motion to modify and motion to confirm child support payments. In this motion, Donald contends that he should be given a credit for the social security disability payments paid to Rebecca on behalf of the Child. A series of continuances were entered postponing the hearing of this motion.

In May of 1998, Rebecca filed a motion for enforcement of child support. Donald answered the motion, asserting that child support payments had been made through

Rebecca's receipt of the social security disability benefits.

Both Donald's motion to modify and Rebecca's motion for enforcement were heard by the trial court on the same day. The trial court first considered the motion to modify. The trial court denied the motion to modify to the extent that it requested a credit for the social security disability benefits but granted the motion to the extent that the amount of child support Donald was obligated to pay exceeded the child support guidelines. As a result, Donald's support obligation was decreased to $200.

The trial court next considered the motion for enforcement. The trial court held Donald in contempt of court, entered an arrearage judgment for $14,726.40, and ordered that Donald's social security disability benefits be garnished at the rate of $500 each month—$200 for future child support and $300 each month to be credited toward the arrearage judgment.

The trial court entered an order on the motion for enforcement on May 29, 1998. That order did not incorporate his garnishment order. The trial court entered a subsequent order on June 16, 1998, which superseded the May 29, 1998 order. The order on the motion to modify was also entered on June 16, 1998.

Donald filed a request for findings of fact and conclusions of law on June 10, 1998. Donald filed a notice of past due findings of fact and conclusions of law on July 16, 1998. No findings of fact and conclusions of law were entered.

## JURISDICTION

■ Appellate courts do not have jurisdiction to review contempt proceedings on direct appeal. *In re A.M.*, 974 S.W.2d 857, 861 (Tex.App.—San Antonio 1998, no pet.); *Metzger v. Sebek*, 892 S.W.2d 20, 55 (Tex.App.—Houston [1st Dist.] 1994, writ

denied); *cert. denied*, 516 U.S. 868, 116 S.Ct. 186, 133 L.Ed.2d 124 (1995). Appellate courts can, however, consider rulings made simultaneous to a contempt order that do not arise from the contempt action. *In re A.M.*, 974 S.W.2d at 861; *Martin v. Martin*, 519 S.W.2d 900 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *Grace v. McCrary*, 390 S.W.2d 397, 398 (Tex.Civ. App.—Waco 1965, writ dism'd). In such a case, the appellate court should dismiss that portion of the appeal complaining of the contempt findings and consider only those portions relating to the simultaneous rulings not arising from the contempt action.[1] *Metzger*, 892 S.W.2d at 55.

■ In this case, Donald challenges the trial court's failure to allow a credit against his child support obligation for social security disability benefits received by Rebecca for the benefit of the Child. At the hearing on the motion to modify and motion for enforcement, the trial court first considered the motion to modify and denied the credit in addressing that motion. We have jurisdiction to consider the issue of whether the trial court abused its discretion in denying the credit in conjunction with the motion to modify. However, we must dismiss for lack of jurisdiction that portion of the appeal raising complaints as to the contempt findings of the trial court's order.

## CREDIT FOR SOCIAL SECURITY
### DISABILITY BENEFITS

■ Social security payments are a substitute for a disabled parent's earnings and are not gratuities from the federal government. *In re Allsup*, 926 S.W.2d 323, 328 (Tex.App.—Texarkana 1996, no writ); *Ex parte Barlow*, 899 S.W.2d 791, 799 (Tex. App.—Houston [14th Dist.] 1995, no writ) (Hudson, J., concurring). One of the primary purposes of the social security act is to provide a means for a disabled worker

1. The El Paso court has held that it had no jurisdiction to consider a change to a custody order made during a contempt proceeding. *Smith v. Holder*, 756 S.W.2d 9, 10–11 (Tex. App.—El Paso 1988, no writ). However, in that case, the El Paso court noted that there was no motion to modify on file when the trial judge ordered the change. *Id.* at 11.

to meet his obligations during a period of disability. *Ex parte Barlow*, 899 S.W.2d at 799 (Hudson, J., concurring). An order to pay child support is for the benefit of the child, and if the child support is paid through the receipt of social security disability benefits on account of the father, then the purpose of the support order is accomplished. *Id.*

This court has recognized that an obligor may be entitled to a credit on his child support obligation for social security disability benefits received by his child. *Johnson v. Johnson*, 948 S.W.2d 835, 839 (Tex.App.—San Antonio 1997, writ denied); *see also In re K.E.T.*, 974 S.W.2d 760, 762 (Tex.App.—San Antonio 1998, no writ) (praising well-reasoned opinion of Texarkana court stating that a parent has a right to receive credit for social security payments and holding that trial court properly offset social security payments received by child against obligation to former spouse but refusing to offset such payments against arrears assigned to State). However, this court did not reach the issue asserted in *Johnson*, that a trial court errs in adding statutory child support on top of social security disability benefits, because the obligor failed to preserve that error for appellate review. 948 S.W.2d at 839.

In *Johnson*, this court relied upon the Texarkana court's decision in *In re Allsup* to support its assertion that a credit was available for social security disability benefits. 948 S.W.2d at 839. In *In re Allsup*, the Texarkana court stated: "A parent can be ordered to pay child support in addition to the Social Security benefits, and nothing in this opinion should be construed to the contrary." 926 S.W.2d 323, 328 (Tex. App.—Texarkana 1996, no writ). This statement by the court in *In re Allsup* implies that the trial court has the discretion to order both.

A trial court may order a parent to pay an amount of child support that exceeds the amount of social security disability payments received by a child as a result of the obligor parent's disability. Nevertheless, in keeping with the majority of other states, we hold that the obligor parent is entitled to a credit against his or her child support obligation for any amount of social security disability benefits paid to the child as a result of the obligor parent's disability. *See Pontbriand v. Pontbriand*, 622 A.2d 482, 484–85 (R.I. 1993) (recognizing obligor parent entitled to credit in overwhelming majority of other states and citing case law from other states); *Hawkins v. Peterson*, 474 N.W.2d 90, 93 (S.D.1991) (recognizing entitlement to credit as majority rule); *see generally* Michael A. DiSabatino, *Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments Made for Benefit of Child*, 34 A.L.R. 5th 447, 469–70 (1995) (listing cases from other states holding that obligor parent is entitled to credit). In this case, the trial court erred as a matter of law in denying the credit.[2]

### CONCLUSION

We lack jurisdiction to consider that portion of this appeal complaining of the trial court's contempt findings; however, we have jurisdiction to consider the issue of whether Donald was entitled to a credit for the amount of social security disability benefits received by Rebecca for the benefit of the Child as a result of his disability. We reverse the trial court's order to the extent it denies such a credit and remand this cause to the trial court for further proceedings consistent with this opinion.

---

2. Since we hold that the trial court erred in denying the credit as a matter of law, Donald suffered no injury by the trial court's failure to file findings of fact and conclusions of law. *In re K.E.T.*, 974 S.W.2d 760, 761 (Tex.App.—San Antonio 1998, no writ).