In the Interest of Cyrena Atra NICH-
OLS and Rayford Arthur Nich-
ols, III, Children.

No. 04–99–00926–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 18, 2000.

James N. Higdon, Higdon, Hardy & Zuflacht, L.L.P., San Antonio, for Appellant.

Rayford Nichols, Jr. Martinez, pro se.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice.

## OPINION

HARDBERGER, Chief Justice.

Jessica Scott f/k/a Jessica Lowe f/k/a Jessica Nichols ("Jessica") appeals a trial court's order relating to the enforcement and modification of child support. Jessica presents seven issues in her brief, asserting: (1) res judicata precluded the trial court from crediting social security benefits against child support that had been reduced to an arrearage judgment or, in the alternative, no evidence was presented that proper credit was not given at the time the arrearage judgment was entered; (2) the trial court erred in crediting social security benefits because no pleading or evidence supported such credit; (3) the trial judge abused his discretion by becoming an advocate and instructing an attorney in the proper manner to present his case to prevent a reversal of the trial court's ruling and by coercing Jessica to stipulate to the admission of certain evidence; and (4) the trial court abused its discretion in not awarding more attorneys' fees. We reverse the trial court's judgment and render judgment that Rayford Arthur Nichols is in arrears for unpaid child support in the amount of $24,610.27 as of August 22, 1999. We remand the cause to the trial court to determine

whether attorneys' fees should be awarded and for the entry of a judgment consistent with this court's opinion and judgment.

## BACKGROUND

Jessica and Rayford Arthur Nichols ("Rayford") were divorced on December 20, 1988, and Rayford was ordered to pay Jessica $646.92 in child support for their two children, commencing January 15, 1989. In August of 1996, an Order Enforcing Child Support Obligation (UIFSA) was entered based on a judgment verbally rendered in December of 1995. The order found and confirmed that Rayford was in arrears in the amount of $7,392.28 as of December 22, 1995, and judgment was rendered against Rayford in that amount.

On March 7, 1997, the Office of the Attorney General filed a second Motion for Enforcement (UIFSA). Before this motion was heard, Jessica retained an attorney to represent her, and Jessica filed a new motion to enforce on October 23, 1998.

On December 8, 1997, Rayford filed his original answer to the motion to enforce. The answer contained a general denial and asserted that Rayford should be credited with the payments Jessica received on the children's behalf from the Veterans Administration and the Social Security Administration.

On February 25, 1998, Rayford filed a petition to modify the parent-child relationship. The petition alleged that circumstances had changed such that the support payments previously ordered were not in substantial compliance with the Family Code's guidelines. Rayford requested a decrease in the amount of the payments based on the change in circumstances.

On March 2, 1999, Rayford filed a motion to confirm child support payments. The motion alleged that the Social Security Administration made payments directly to Jessica for the support of the children, and Rayford should receive a credit for those payments.

On March 3, 1999, Jessica filed a first amended motion to enforce and motion to modify. The total arrearage alleged as of February 15, 1999, was $15,532.96, exclusive of accrued interest. This arrearage was calculated by crediting Rayford for the following: (1) $1,450 in payments;[1] and (2) $200 per month since January 1996 for the payments Jessica received from the Veterans Administration. In addition, the motion alleged Rayford had failed to pay the prior arrearage judgment of $7,392.28, plus accrued interest on the judgment.

A hearing was held on May 3, 1999. At the hearing, Jessica argued that Rayford was not entitled to a credit for the social security benefits paid to the children because the children were receiving the social security benefits at the time of the divorce, and the trial court took those benefits into consideration in setting the amount of child support to be paid. The trial court ruled that Rayford was entitled to a credit for the social security benefits, but only since the date of the arrearage judgment. The amount of attorneys' fees that should be awarded was discussed, and the trial court concluded by telling the parties to attempt to work out an agreement.

On July 6, 1999, Jessica filed a motion to enter orders, stating that the parties had been unable to reach an agreement on the contents of the order. On July 14, 1999, Rayford filed a motion requesting the trial

---

1. Seven payments were credited for a total of $1,450: (1) $250 on October 15, 1996; (2) $250 on November 18, 1996; (3) $200 on December 12, 1996; (4) $150 on January 22, 1997; (5) $200 on February 19, 1997; (6) $200 on March 10, 1997, and (7) $200 on June 11, 1997.

court to reconsider its May 3, 1999, ruling. The motion asserted that the credit for the social security benefits should not be limited to the period after the arrearage judgment. A hearing was held on July 14, 1999, but it was not recorded.

On August 27, 1999, Jessica filed a motion to enter orders, stating the parties were unable to agree on the contents of an order based on the trial court's ruling at the hearing on July 14, 1999. On September 7, 1999, Rayford filed a counter-motion to enter orders, asserting that at the hearing on July 14, 1999, the trial court granted Rayford's motion to reconsider the May 3, 1999, ruling, and ordered that Rayford should receive credit for the social security payments retroactive to the date of the divorce.

On September 9, 1999, the parties appeared before the court for another hearing. At one point during the hearing, the trial court ordered a break and requested the parties to try to reach an agreement regarding the exhibits. After the break, the trial court asked if Jessica's attorney had any objection to Rayford's exhibit detailing the amounts paid to the children by the Social Security Administration. Jessica's attorney responded that if he did not stipulate, he would be required to return for another hearing; therefore, "under duress," he stated that he had no objections. The trial court sent the parties to have an order prepared, and an order was subsequently entered.

On September 21, 1999, Jessica filed a motion to correct, reform, or modify the judgment, which was heard on October 11, 1999. At the hearing, the trial court granted Jessica's motion to reform the amount of the child support award so that only one additional child was taken into consideration in computing the amount of the award under the percentage guidelines, rather than two additional children.

Jessica introduced into evidence a financial activity report prepared by the Attorney General's office, which detailed the amount of arrearage owed if Rayford was given a credit for the payments made by the Veteran's Administration and Social Security Administration since the December 1995 arrearage judgment.

On October 19, 1999, the trial court withdrew the order entered on September 9, 1999, and entered a new order. Rayford was ordered to pay $290.85 per month in child support. The child support was calculated based on the guidelines, less credit for the payments received from the Veterans Administration and Social Security Administration. The court found that Rayford did not owe any back child support. The order awarded Jessica's attorney $2,000 in attorney's fees to be paid by Rayford's attorney as sanctions.

On December 8, 1999, the trial court entered amended findings of fact and conclusions of law. The trial court found that Jessica incurred $8,000 in reasonable and necessary attorney's fees, but the trial court concluded that Jessica should only be awarded $2,000 in attorney's fees as sanctions to be paid by Rayford's attorney. The trial court concluded that Rayford was entitled to a credit for the payments received from the Veteran's Administration and the Social Security Administration retroactive to the date of the divorce decree. The trial court further concluded that res judicata did not bar that credit and that Rayford owed no child support arrears as of May 3, 1999.

### DISCUSSION

In her first three issues, Jessica asserts various complaints relating to the credit predating the December 1995 arrearage judgment. In her first issue, Jessica asserts that res judicata precluded Rayford from claiming that he was entitled to a

credit for the social security payments ret-, roactive to the date of the divorce decree. At the hearing before the trial court, Rayford relied on this court's decision in *In re Rich*, 993 S.W.2d 272 (Tex.App.—San Antonio 1999, no pet), to support his position that res judicata did not apply.

In *Rich*, the trial court denied a motion to modify child support payments to the extent it requested a credit for social security benefits. *See id.* at 274. The trial court also held the father in contempt of court. *See id.* On appeal, the father challenged the trial court's denial of the motion to modify and the contempt order. *See id.* We noted that we only had jurisdiction to consider the issue of whether the trial court abused its discretion in denying the credit in conjunction with the motion to modify. *See id.* We held that the father was entitled to such a credit, and we remanded the proceeding to the trial court for further proceedings consistent with our opinion. *See id.* at 275. Although a prior arrearage judgment had been entered in *Rich*, our opinion only addressed whether the trial court should have modified the amount of child support in the future. We did not address whether the trial court could apply any credit to the existing arrearage judgment.

■ In calculating the amount of child support that Rayford will be required to pay in the future, the trial court applied a credit for the social security payments. The mandatory nature of that credit was the issue resolved in *Rich*, and Jessica does not complain about this portion of the trial court's order. Jessica complains about an issue that *Rich* did not decide: whether res judicata precludes a trial court from applying a retroactive credit for social security benefits to a final arrearage judgment.

■ Res judicata prevents parties and their privies from relitigating a cause of action that has been finally adjudicated by a competent tribunal. *Ingersoll–Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 207 (Tex.1999). Res judicata also precludes claims or defenses that, through diligence, should have been litigated in the prior suit but were not. *Id.* As with other final, unappealed judgments which are regular upon their face, res judicata applies to final divorce decrees and arrearage judgments. *See Berry v. Berry*, 786 S.W.2d 672, 673 (Tex.1990); *Howard v. Brizendine*, 546 S.W.2d 136, 137 (Tex.Civ. App.—Beaumont 1977, no writ).

The trial court erred in concluding that res judicata did not bar a retroactive credit for the social security benefits paid prior to the December 1995. Because we sustain Jessica's complaint relating to the res judicata issue, we do not address her other complaints relating to the retroactive credit.

In her fourth, fifth, and sixth issues, Jessica complains about the trial court's actions in admitting Rayford's evidence regarding the social security payments. At the hearing on October 11, 1995, Jessica introduced into evidence a financial activity report prepared by the Office of the Attorney General that computes the total amount of the arrearage owed by Rayford if credit for the payments made by the Veteran's Administration and Social Security Administration is given since the date of the arrearage judgment. Because our record contains this evidence, whether or not the trial court acted properly in admitting Rayford's evidence is not an issue that we need to resolve in order to dispose of this appeal. Accordingly, we do not reach the merits of Jessica's fourth, fifth, and sixth issues. *See* TEX. R. APP. P. 47.1.

■ In her seventh issue, Jessica complains that the trial court abused its discretion in limiting her attorney's fees for

trial to $2,000. Section 157.167 of the Texas Family Code requires a trial court to order the respondent to pay the movant's reasonable attorney's fees if the court finds that the respondent has failed to make child support payments. *See* TEX. FAM. CODE ANN. § 157.167 (Vernon Supp.2000). For good cause shown, a trial court may waive the required award of attorney's fees if the court states the reasons supporting its finding of good cause. *See id.* In this case, the trial court did not find that Rayford had failed to make child support payments; therefore, the trial court did not award attorney's fees pursuant to section 157.167. The only attorney's fees awarded by the trial court were awarded as sanctions against Rayford's attorney. Although we have held that Rayford failed to make child support payments, the cause must be remanded to the trial court for a determination of whether good cause exists to waive the required attorney's fees award. Because we must remand the cause to the trial court to consider the attorney's fees issue, we direct the trial court to include an arrearage judgment in its judgment on remand that is consistent with this opinion.

### CONCLUSION

The trial court's judgment is reversed. Judgment is rendered that Rayford is in arrears for unpaid child support in the amount of $24,610.27 as of August 23, 1999. The cause is remanded to the trial court for further proceedings consistent with this opinion.