TROY LEE HARMS V STATE OF TEXAS



 NO. 07-02-0181-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 23, 2002


______________________________



JONATHON ANTWAN DONALDSON




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 209TH DISTRICT COURT OF HARRIS COUNTY;



NO. 902,509; HON. MICHAEL MCSPADDEN, PRESIDING


_______________________________



DISMISSAL


_______________________________



Before BOYD, C.J., QUINN and JOHNSON, JJ.

 Appellant, Jonathon Antwon Donaldson, appealed from a judgment under which he
was convicted of possession with intent to deliver a controlled substance. The clerk's
record has been filed in this cause but the reporter's record has not. Pending before us
is appellant's pro se request to withdraw his notice of appeal. The request, however, was
not signed by him as required by Texas Rule of Appellate Procedure 42.2(a). Accordingly,
the case was abated and remanded to the 209th District Court of Harris County (trial court)
to determine if he desired to prosecute the appeal. Thereafter, the trial court conducted
the hearing, and we received the court reporter's record of same on July 15, 2002. At the
hearing, appellant confirmed his desire to withdraw his notice of appeal. 

 Accordingly, the cause is reinstated. Without passing on the merits of the case, we 
dismiss the appeal pursuant to appellant's request. Having so dismissed the appeal, no
motion for rehearing will be entertained, and our mandate will issue forthwith.


 Brian Quinn

 Justice

 


 Do not publish. 



ay holding to the
contrary, e.g., In re Allsup, 926 S.W.3d 323 (Tex. App.-Texarkana 1996, no writ) and In
re Rich, 993 S.W.2d 272 (Tex. App.-San Antonio 1999, no pet.), did not consider the
legislative mandate memorialized in §157.262(a) and barring the reduction of the
arrearage. Attorney Gen. v. Stevens, 84 S.W.3d at 725. We cannot ignore that directive,
and it is up to the legislature to change it if it cares to.

 Accordingly, the order of the trial court is affirmed.


 Brian Quinn

 Chief Justice
1. The record illustrates that Treadway began receiving disability payments from the Social Security
Administration several years after divorcing the mother of S.J.T. The Administration also sent S.J.T.
payments due to her father's disability. The payments she received totaled $21,599.
2. Through subsection (f) of §157.262, the legislature declared that the "money judgment for arrearages
rendered by the court may be subject to a counterclaim or offset as provided by this subchapter." Tex. Fam.
Code Ann. §157.262(f) (Vernon 2002) (emphasis added). Yet, the subchapter referred to, i.e. Subchapter
F of Chapter 157 of the Family Code, makes no provision for offsets or counterclaims. And, to the extent that
§157.008(d) of the Family Code entitles an obligor to prosecute a counterclaim or aver an offset, that
opportunity is limited to situations wherein child support is paid when the obligee voluntarily relinquished
possession or control over the child to the obligor or when the obligor lacked the ability to make payment, Id.
§157.008(d). Treadway does not contend that either situation occurred here.