185 S.W.3d 56 (2005)
In the Interest of G.L.S. and C.M.S., Children.
No. 04-04-00798-CV.
Court of Appeals of Texas, San Antonio.
November 16, 2005.
*57 Gail Kay Zimmerman, Zimmerman & Zimmerman, San Antonio, for appellant.
Rhonda Amkraut Pressley, John B. Worley, Asst. Atty's Gen., Austin, Sally Lee Ammerman, San Antonio, for appellee.
Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, REBECCA SIMMONS, Justice.

OPINION
Opinion by REBECCA SIMMONS, Justice.
Darwin Sealy appeals the trial court's order asserting that the trial court erred in failing to credit the social security disability payments received by his children against his child support obligations. In his brief, Sealy presents his issue as follows: "If the total amount of benefits paid to or for the child as a result of the obligor's disability exceeds the amount of his current child support obligations, is he entitled to [a] credit for the excess amount against: (a) unconfirmed child support arrearages?; (b) a child support judgment entered prior to the date he became disabled under Social Security rules? and/or (c) his future child support obligations?"

BACKGROUND
Sealy and Sally Lee Ammerman were divorced on January 17, 1990, and Sealy was ordered to pay Ammerman child support in the amount of $490.00 per month. Sealy was also ordered to pay Ammerman one-half of the children's uninsured medical costs. Orders were subsequently entered on various dates decreasing and increasing the amount of support. On July 1, 2000, the trial court increased the child support to $575.00 per month and awarded Ammerman a judgment in the amount of $5,139.74 for Sealy's unpaid one-half of the children's uninsured health care expenses. Sealy also was ordered to reimburse Ammerman as additional child support the amount of $114.00 per month for health insurance premiums. Effective May 1, 2001, the child support payment was again reduced to $250.00 per month.
On June 13, 2003, Sealy received a Notice of Award informing him that he was entitled to monthly disability benefits from the Social Security Administration ("SSA"). The SSA determined that Sealy became disabled on November 8, 2000; however, Sealy did not qualify for benefits until he was disabled for five consecutive calendar months. As a result, Sealy was not entitled to monthly disability benefits until May of 2001.
As a result of Sealy's disability, one of his children, Gretchen, received a lump sum payment in the amount of $1,878.00 in July of 2003, in payment of the monthly child's benefit she was entitled to receive from May 2001 through October 2001. After October 2001, Gretchen was not entitled to receive the monthly child's benefit because she had turned eighteen. Because she was an adult in 2003, Gretchen's lump-sum entitlement was paid directly to her.[1]
*58 Sealy's other child, Colleen, received a lump sum payment in the amount of $14,804.00 in July of 2003, in payment of the monthly child's benefit she was entitled to receive from May of 2001 through June of 2003. In addition, Colleen would continue to receive a monthly child's benefit in the amount of $653.00, until she turned eighteen. Colleen's payments were made to her mother as Colleen's representative payee.
In April of 2004, the Office of the Attorney General filed a Suit for Modification of Child Support and Motion to Confirm Child Support Arrearage. On August 10, 2004, the trial court entered an order confirming an arrearage judgment for unpaid child support in the amount of $14,982,47, and a medical support arrearage judgment in the amount of $6,184.81. Sealy also was ordered to pay current child support of $250.00 per month. Sealy appeals this order.

STANDARD OF REVIEW
A trial court's orders modifying child support and confirming child support arrearages are reviewed under an abuse of discretion standard. Beck v. Walker, 154 S.W.3d 895, 901 (Tex.App.-Dallas 2005, no pet.); Grayson v. Grayson, 103 S.W.3d 559, 561 (Tex.App.-San Antonio 2003, no pet.); In re M.C.R., 55 S.W.3d 104, 109 (Tex.App.-San Antonio 2001, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles; in other words, if it acts arbitrarily or unreasonably. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.1990). A trial court's failure to analyze or apply the law correctly constitutes an abuse of discretion. Walker v. Packer, 827 S.W.2d 833, 840 (Tex.1992); Attorney Gen. of Tex. v. Stevens, 84 S.W.3d 720, 722 (Tex.App.-Houston [1st Dist.] 2002, no pet.).

DISCUSSION
Sealy contends that under Texas case law, he is entitled to a credit or offset for social security disability benefits paid to his children as a result of his disability. The Attorney General asserts that sections 157.262(a) and (f) of the Texas Family Code preclude a trial court from ordering such an offset. The Attorney General contends that the only offset a trial court is permitted to order under the Code is the offset contained in section 157.008, which is not applicable in this case. In addition to its argument under the Code, the Attorney General also relies on federal law to support its position.

A. Existing Judgment
This court's opinion in In re Nichols, 51 S.W.3d 303 (Tex.App.-San Antonio 2000, no pet.), resolves the issue of whether Sealy is entitled to credit against the judgment entered on July 1, 2000, for unpaid health care expenses. In Nichols, the only issue presented on appeal was whether the trial court erred in concluding that the obligor parent was entitled to a credit for social security benefits against an existing arrearage judgment. 51 S.W.3d at 306-07. This court held that the trial court erred because res judicata barred the retroactive credit against the existing judgment. Id. Accordingly, the doctrine of res judicata bars any retroactive credit of the disability payments in this case against the July 1, 2000 judgment.

B. Future Child Support
Section 154.132 of the Texas Family Code contains a specific provision relating to the application of child support guidelines to children of certain disabled obligors. TEX. FAM.CODE ANN. § 154.132 (Vernon 2002). Section 154.132 states:
In applying the child support guidelines for an obligor who has a disability and *59 who is required to pay support for a child who receives benefits as a result of the obligor's disability, the court shall apply the guidelines by determining the amount of child support that would be ordered under the child support guidelines and subtracting from that total the amount of benefits or the value of the benefits paid to or for the child as a result of the obligor's disability.
Id. This same provision applies with equal force to the modification of support under chapter 156. See TEX. FAM.CODE ANN. § 156.402 (Vernon 2002). In this case, the record does not reflect that the trial court calculated the amount of child support Sealy would be required to pay in the future in accordance with section 154.132. Accordingly, we reverse the portion of the trial court's order establishing the amount of child support Sealy is required to pay after the date of that order.

C. Unconfirmed Arrearages
Section 157.262(a) of the Texas Family Code states, "Except as provided by this section, in a contempt proceeding or in rendering a money judgment, the court may not reduce or modify the amount of child support arrearages." TEX. FAM.CODE ANN. § 157.262(a) (Vernon 2002). Section 157.262(f) provides, "The money judgment for arrearages rendered by the court may be subject to a counterclaim or offset as provided by this subchapter." TEX. FAM.CODE ANN. § 157.262(f) (Vernon 2002).
Case law interpreting sections 157.262(a) and (f) establish a clear procedure that a trial court is required to follow in entering a final judgment in a proceeding seeking child support arrearages. First, the trial court must mechanically tally the amount of the arrearage. Beck, 154 S.W.3d at 903; Lewis v. Lewis, 853 S.W.2d 850, 854 (Tex.App.-Houston [14th Dist.] 1993, no writ). The trial court has no authority to reduce or modify this amount in making this calculation. Beck, 154 S.W.3d at 903; Lewis, 853 S.W.2d at 854. The courts refer to the trial court acting as a "mere scrivener" in this regard. Beck, 154 S.W.3d at 903; Curtis v. Curtis, 11 S.W.3d 466, 471 (Tex.App.-Tyler 2000, no pet.); Lewis, 853 S.W.2d at 854. After the trial court makes this mechanical calculation, the final judgment is to be rendered only after offsets and counterclaims are considered. Beck, 154 S.W.3d at 903; Lewis, 853 S.W.2d at 854. In this case, Sealy questions whether the trial court abused its discretion in the second step of the procedure by failing to offset or credit the social security disability payments against the unconfirmed child support arrearages.
This court has never addressed whether an obligor is entitled to credit a lump sum social security disability payment received by his children against unconfirmed arrearages owed to the obligee. See, e.g., Nichols, 51 S.W.3d at 306-07 (addressing complaints relating to credit against confirmed arrearage judgment and noting that decision in In re Rich, 993 S.W.2d 272 (Tex.App.-San Antonio 1999, no pet.), only addressed whether the trial court should have modified the amount of child support in the future); In re K.E.T., 974 S.W.2d 760 (Tex.App.-San Antonio 1998, no pet.) (affirming trial court's refusal to apply offset to arrears owed to State). The Houston court, however, directly addressed this issue in Attorney Gen. of Tex. v. Stevens, 84 S.W.3d 720 (Tex.App.-Houston [1st Dist.] 2002, no pet.).
In Stevens, the obligor father, Stevens, was ordered to pay child support in 1989. 84 S.W.3d at 721. Stevens became physically disabled in June of 1997. Id. In February of 1998, Stevens' unpaid arrearages, totaling $10,166.23, were reduced to *60 a money judgment. Id. On August 26, 1999, the Social Security Administration ruled that Stevens was disabled since June of 1997. As a result, Stevens' son, who had turned 18, received a $7,200 check for benefits payable to him from the date of Stevens' disability until the date he turned 18. Id. The Attorney General filed a motion to reduce Stevens' unpaid child support to a judgment. Id. It was undisputed that the total amount of arrearages was $11,256.07, which included the unpaid balance and accrued interest on the February 1998 arrearage judgment. Id. The trial court concluded that the $7,200 should be credited against the arrearages. Id.
The court initially stated that it "need not decide whether Social Security dependent's disability benefits could ever be construed as a true child support payment because, here, the court's order clearly did not treat it as such." Id. at 722. The court then turned to the issue presented which it framed as "whether the trial court, in rendering a money judgment, could grant Stevens a $7,200 special credit against his arrearages based on the dependent's disability payment made directly to his son." Id. Citing the Code, the court held, "nothing in the Family Code provides for the kind of credit given by the trial court, and section 157.262(b) indicates that counterclaims and offsets must be found exclusively in the code."[2]Id. at 724. With regard to the developing line of cases, the court initially noted certain factual distinctions but ultimately asserted that none of the opinions considered the binding provisions of the Family Code.[3]Id. The court, therefore, disagreed with the prior decisions based on its analysis of the Family Code, especially section 157.262. Id.
Interestingly, the court noted that subchapter F, which includes section 157.262, "contains no description of any applicable counterclaims or offsets." Id. at 723. Although the court noted that section 157.008 contains an offset, the court also noted that section 157.008 is not located in subchapter F; therefore, the court reasoned that the relationship between the two sections "is not entirely clear." Id. The court concluded, however, that if section 157.008 were applicable, the credit would not apply. Id.
The court reasoned, "While there may be valid reasons to offset child support arrearages based on Social Security dependent's disability payments, that is a matter for the Legislature's consideration." Id. In a footnote, the court noted that the Legislature is not unaware of the impact disability payments might have on child support issues. Id. at n. 7. In 1999, the Legislature added section 154.132, which requires courts to subtract the "amount of benefits or the value of the benefits paid to or for the child as a result of the obligors' disability" when applying the child support guidelines to a disabled obligor. Id.; TEX. FAM.CODE ANN. § 154.132 (Vernon 2002). The court cautioned, however, that "child support guidelines are not applied when a court renders a money judgment on unpaid arrearages." Stevens, 84 S.W.3d at 725 n. 7. The analysis *61 in Stevens was recently relied upon by the Dallas court in rejecting an argument regarding the obligor's entitlement to "equitable offsets" against child support arrearages. Beck, 154 S.W.3d at 905-06; see also In re S.L.M., 97 S.W.3d 224, 233 (Tex.App.-Amarillo 2002, no pet.) (noting trial court erred in allowing offset against arrears for "equitable right"). In addition, the Texarkana court recently relied on Stevens to affirm a trial court's refusal to credit social security disability payments against an arrearage. In re S.J.T., No. 07-03-00523-CV, 2005 WL 2385449 (Tex. App.-Amarillo Sept. 28, 2005, no pet. h.).
By adopting section 154.132, the Legislature has recognized the equity in granting a credit for social security disability benefits when establishing or modifying child support. However, the Legislature may have decided to only grant the credit prospectively because of the delays in the Administration's processing of disability claims. As stated in the amicus brief filed in this appeal and as is evident from the facts in the reported opinions, the Administration may delay the processing for a year or more. The policy issues implicated in applying a lump-sum disability payment to unpaid, unconfirmed child support are more complicated than a credit for future benefits to be paid. Given the competing policies and equities, we agree with the decision in Stevens that whether an obligor is entitled to an offset against past unconfirmed child support arrearages is an issue for the Legislature to decide. Until further action is taken by the Legislature, sections 157.262(a), (f) of the Code preclude this court from finding that the trial court abused its discretion in refusing the credit the disability payment received by Colleen against the unconfirmed child support arrearages.

CONCLUSION
The portion of the trial court's judgment establishing the amount of child support to be paid by Sealy after the date of the order is reversed, the remainder of the trial court's judgment is affirmed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.
NOTES
[1] During oral argument, Sealy's attorney conceded that Sealy was not entitled to a credit or offset for the disability benefit paid directly to Gretchen.
[2] Section 157.262(b) was subsequently renumbered to 157.262(f). Stevens, 84 S.W.3d at 723 n. 2.
[3] One of the opinions distinguished on this basis was In re Allsup, 926 S.W.2d 323 (Tex. App.-Texarkana 1996, no writ). The Texarkana court has recently revisited its decision in Allsup, noting that it failed to consider the legislative mandate memorialized in section 157.262(a) and affirming the trial court's decision not to credit social security disability payments against child support arrearages. In re S.J.T., No. 07-03-0523-CV, 2005 WL 2385449 (Tex.App.-Amarillo Sept. 28, 2005, no pet. h.).