



# MEMORANDUM OPINION

No. 04-11-00240-CV

**IN THE INTEREST OF K.M.M. AND N.T.M.,** Children

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-12758
Honorable Peter A. Sakai, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  March 21, 2012

AFFIRMED

Diane Joy McRae Sharpe appeals from a trial court judgment finding that her ex-husband, Clinton D. Murphy, owed no child support arrears as of March 4, 2011.  Because we conclude the trial court did not abuse its discretion, we affirm the trial court judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

Prior to the hearing at issue in this appeal, the parties were before the court on numerous occasions.  We will summarize the various motions and hearings prior to the March 4, 2011 hearing to understand the record and chronology:

1. Diane and Clinton were divorced on November 14, 2007.[1] Diane was given the exclusive right to designate the primary residence of the couples' two children within Bexar County. Clinton was ordered to pay child support in the amount of $613 per month beginning December 1, 2007. The payments were ordered to be made through the Texas Child Support Disbursement Unit. Diane relinquished possession of the children to Clinton on the day the divorce was orally granted.

2. On January 25, 2008, Diane filed a motion for new trial contending in part that the trial court "erred in failing to provide for payment by [Clinton] of delinquent child support which the Court previously awarded in a prior hearing." Diane specifically alleged that Clinton owed $10,230 in delinquent child support.

3. On February 15, 2008, a hearing was held on Diane's motion for new trial. The parties waived the making of a record of testimony. The trial court denied the motion for new trial but ordered the parties' attorneys to confer within 30 days regarding the alleged delinquent child support.

4. On August 18, 2008, Clinton filed a motion to modify seeking, in part, child support from Diane based upon his actual and physical possession of the children since the date of the divorce.

5. On August 29, 2008, the parties appeared and entered into a handwritten agreement for temporary orders. The handwritten agreement was signed by the parties and by the Honorable Judge Michael Peden and provided that the children remain in Bexar County with Clinton, granted Diane weekend visitation, and terminated Clinton's child support obligation.

---

[1] The written order was not signed until December 27, 2007.

6. On January 13, 2009, Clinton filed motions for supplemental temporary orders seeking child support from Diane. Diane filed a counter-petition.

7. On January 28, 2009, a hearing was held at which time the trial court maintained the August 29, 2008 order and denied Clinton's request for child support.

8. On March 29, 2010, after the parties reached a mediated settlement agreement, an agreed final order was entered. The agreed final order granted Diane the exclusive right to designate the children's primary residence without regard to geographic location and further ordered Clinton to pay child support in the amount of $500 per month beginning on January 1, 2011. The order is silent as to past-due or delinquent child support.

Turning now to the hearing before us, one month after Clinton began making child support payments in January 2011, he filed a motion to confirm child support arrearage in which he alleged that he had made some child support payments directly to Diane rather than through the Office of the Attorney General; therefore, he asked the court to confirm that he "currently owes no arrears on his regular child support obligation." On March 4, 2011, a hearing was held on Clinton's motion. Counsel for both Clinton and Diane as well as for the Attorney General made their appearances and participated in the hearing. Diane's attorney, however, announced "not ready" due to the fact that a medical emergency prevented Diane from attending the hearing. The court proceeded nonetheless.

During the hearing, Clinton's attorney argued that the Attorney General's pay records showing arrears were inaccurate because the Attorney General was not recognizing the August 29, 2008 handwritten order signed by Judge Peden terminating Clinton's child support obligation. Counsel for the Attorney General's Office acknowledged that they had not taken into

consideration the August 29, 2008 order. In response, Diane's attorney argued that Clinton still owed past-due child support and suggested there existed an order out of Jim Hogg County. However, no order or other evidence was admitted and no witnesses were called to testify by either side. The trial court reviewed the previous orders of August 29, 2008 and March 29, 2010. At the conclusion of the hearing, the trial court made the following written findings: "The Court FINDS no child support arrearage as [of] the March 29, 2010 Order in Suit Affecting the Parent-Child Relationship. Further, the Court FINDS the obligor is under a child support obligation at the time, and is current." The court entered a judgment on arrears finding no child support arrears as of March 4, 2011.

Diane now timely appeals the March 4, 2011 order arguing in three issues that: (1) the trial court erred in finding no child support arrearage; (2) the trial court erred in denying her oral motion for continuance; and (3) her rights to due process were violated because the order determined disputed issues not pled by Clinton.

### STANDARD OF REVIEW

We review a determination of child support arrearages for an abuse of discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re A.L.G.*, 229 S.W.3d 783, 784 (Tex. App.—San Antonio 2007, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Worford*, 801 S.W.2d at 109. A trial court's failure to analyze or apply the law correctly constitutes an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *In re G.L.S.*, 185 S.W.3d 56, 58 (Tex. App.—San Antonio 2005, no pet.).

### DISCUSSION

Diane initially argues that there is no evidence to support the trial court's finding of no child support arrearage. She complains that no documentary evidence was presented to the trial

court or considered by the trial court in making its finding of zero arrearages and "wip[ing] out more than $20,000 in arrearage[s]." We disagree. The decree of divorce signed on December 27, 2007 ordered Clinton to pay $613 per month beginning December 1, 2007. There is nothing in the record to indicate child support was ordered prior to December 1, 2007. Although Diane filed a motion for new trial complaining that the trial court erred in failing to provide for payment of delinquent child support that was awarded in a prior hearing, the motion for new trial was denied by the trial court and the parties were ordered to mediate the dispute within 30 days. Subsequently, on August 29, 2008, the trial court terminated Clinton's child obligation based on his actual and physical possession of the children.[2] Moreover, the final order entered on March 29, 2010, which reflects the parties' mediated settlement agreement, is silent on the issue of any past-due child support owed by Clinton and specifically delayed Clinton's child support payments resuming until January 1, 2011—a nine-month delay.

The trial court in reaching its decision reviewed the Attorney General's records and the August 29, 2008 and the March 29, 2010 orders. Counsel for the Attorney General's office confirmed that the August 29, 2008 order stopping Clinton's child support obligation had not been entered into the Attorney General system and that Clinton's payments for January and February 2011 were current. No controverting evidence was admitted into evidence. After considering the entire record before us, we cannot conclude the trial court abused its discretion in finding zero arrearages. Diane's first issue is overruled.

---

[2] Based on the record, Clinton owed 9 months of child support for the time period from December 1, 2007 through August 2008 or a total amount of $5517.

Diane next contends that the trial court erred in denying her oral motion for continuance and holding the hearing in her absence.[3] The granting of a continuance rests within the sound discretion of the trial court. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). Rule 251 of the Texas Rules of Civil Procedure provides that no continuance shall be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. Diane's oral motion for continuance was not supported by affidavit, and Clinton did not consent to a continuance. Accordingly, the trial court did not abuse its discretion in denying Diane's oral motion for continuance. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986) (appellate court presumes trial court did not abuse its discretion when motion for continuance is not supported by affidavit as required by Rule 251); *Serrano v. Ryan's Crossing Apts.*, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, pet. denied) (appellate court presumes no abuse of discretion in denying motion for continuance that is not verified or supported by affidavit); *Taherzadeh v. Ghaleh-Assadi*, 108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied).

Finally, Diane argues her due process rights were violated because the motion to confirm arrearages filed by Clinton failed to provide proper notice that he was seeking to "wipe out his entire child support obligation." Specifically, she complains that Clinton's motion only sought confirmation of arrearages from January 1, 2011 to March 4, 2011. We disagree. The motion filed by Clinton asks the trial court to confirm that he currently owes no arrears. While the motion recites that Clinton was ordered to pay $500 per month beginning January 1, 2011

---

[3] Although the trial court did not expressly rule on Diane's oral motion for continuance, it proceeded with the hearing, thus implicitly denying the motion for continuance. *See In re A.D.A.*, 287 S.W.3d 382, 387 (Tex. App.—Texarkana 2009, no pet.) (acknowledging an implicit ruling on an oral motion for continuance made at the beginning of a hearing by simply proceeding with the hearing).

pursuant to the March 29, 2010 order, the motion does not limit the time period at issue. We thus overrule Diane's final issue, and affirm the judgment of the trial court.

Phylis J. Speedlin, Justice