# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00654-CV

### C. W., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CV38,793, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

C.W. (Father) appeals from the trial court's judgment terminating his parental rights to L.B. (Child, a daughter).[1]  A jury found that Father had committed acts or omissions meeting one or more of the grounds for termination of parental rights found at Texas Family Code Section 161.001(b)(1).  The jury also found that terminating Father's parental rights to Child was in her best interest under Section 161.001(b)(2).  The trial court signed a judgment based on the jury's verdict, terminating Father's parental rights to Child under six subsections of Section 161.001(b)(1).

In three issues, Father contends that (1) the evidence was legally insufficient to support a finding against him under Subsection (D); (2) we should reverse the portion of the trial court's judgment about child-support arrearages and render judgment that he need not pay

---

[1]  We refer to appellant and the child at issue using "Father" and "Child" or by their initials.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8(b)(2).

arrearages; and, (3) assuming we do not render judgment under his second issue, remand to the trial court to rule on whether the Department of Family and Protective Services (Department) waived arrearages. We modify the trial court's judgment to remove the portion relating to child-support arrearages and affirm the judgment as modified.

## BACKGROUND

Child was born in July 2016 and lived with her mother (Mother) for the first part of her life. The Department removed Child from Mother's care in 2017 and, following a brief return, again in 2018 after it received reports of neglect and drug use by Mother. At the time of removal, Father was in prison. The Department placed Child with a foster family and put the parents on service plans.

The Department sought termination of Mother's and Father's parental rights to Child, which would allow the foster family to adopt her. Mother voluntarily relinquished her rights to Child,[2] and the case proceeded to a jury trial on the issue of whether Father's parental rights should be terminated. At trial, Father told the jury he wanted to have "the opportunity to raise [his] daughter." Father admitted, however, that he has never parented or seen Child, who was three years old at the time of trial, because he has been in prison since she was born. At the conclusion of the trial, the jury found by clear and convincing evidence that Father's parental rights should be terminated. *See* Tex. Fam. Code § 161.001(b). The trial court terminated Father's parental rights to Child based on Subsections (D), (E), (F), (N), (O), and (P) and the best-interest finding. Father now appeals.

---

[2] Mother did not file a notice of appeal and, consequently, is not a party to this appeal. *See* Tex. R. App. P. 25.1(c).

2

## I.    Review under Subsection (D)

To terminate the parent-child relationship, a court must find by clear and convincing evidence that (1) the parent has committed one of the enumerated statutory grounds for termination and (2) it is in the child's best interest to terminate the parent's rights. Tex. Fam. Code § 161.001(b). In his first issue, Father contends that the evidence was "legally insufficient to show that [he] knowingly placed or knowingly allowed [Child] to remain in conditions or surroundings which endanger her physical or emotional well-being," under Family Code Section 161.001(b)(1)(D).

It is well established that only one ground under Section 161.001(b)(1) is necessary to support a judgment in a termination case—even if the trial court based the termination on more than one ground—so long as there is also a finding that termination is in the child's best interest. *See In re N.G.*, 577 S.W.3d 230, 232 (Tex. 2019); *Spurck v. Texas Dep't of Family & Protective Servs.*, 396 S.W.3d 205, 221 (Tex. App.—Austin 2013, no pet.). On appeal, Father does not challenge any of the other grounds for termination that are included in the trial court's judgment—Subsections (E), (F), (N), (O), or (P). In addition, he does not challenge the trial court's finding that termination is in Child's best interest. Father therefore concedes that he is not entitled to a reversal of the termination of his parental rights because any one unchallenged statutory ground, along with the best-interest finding, is sufficient to support termination. *See* Tex. Fam. Code § 161.001(b)(1)–(2).

Nevertheless, Father asks that we review the legal sufficiency of the evidence under Subsection (D) and modify the trial court's judgment to remove that finding as it may have collateral consequences under Subsection (M). *See In re N.G.*, 577 S.W.3d at 239. Father points

out that under Subsection (M), a finding under either Subsection (D) or Subsection (E) could be used in future proceedings to terminate his parental rights to other children. *See* Tex. Fam. Code § 161.001(b)(1)(M). However, we need not review Father's challenge under Subsection (D) because the potential collateral consequences are triggered separately by the Subsection (E) portion of the trial court's judgment, which he does not challenge. *See A.C. v. Texas Dep't of Family & Protective Servs.*, 577 S.W.3d 689, 698–700 & n.2 (Tex. App.—Austin 2019, pet. denied); *In re K.M.*, Nos. 01-19-00285-CV, 01-19-00286-CV, 2019 WL 3949483, at *8 (Tex. App.—Houston [1st Dist.] Aug. 22, 2019, pet. denied) (mem. op.) ("Because we have determined that sufficient evidence supports termination under at least one predicate that could underlie a future subsection (M) termination, we see no basis for addressing Father's first issue, in which he contends the evidence is legally and factually insufficient to support the trial court's finding under subsection (D).").

## II.     Provision in Judgment About Child-Support Arrearages

The trial court's judgment included the following provision:

> 13.1.   Child support arrearage owed to the Department for child support not paid by [Father] during the pendency of this suit IS/IS NOT waived.

The trial court did not circle either "IS" or "IS NOT" to convey its ruling.

In his second and third issues, Father contends that this portion of the judgment should be reversed and either "judgment rendered that [Father] is not obligated to pay arrearages" or the suit "remanded with instructions to the trial court to choose between whether arrearages are or are not waived." The Department "agree[s] that the inclusion of this

4

provision . . . , especially in its current form, is in error" and requests that we "modif[y] to remove the offending provision."

We review a determination of child-support arrearages for an abuse of discretion. *In re N.V.R.*, 580 S.W.3d 220, 224 (Tex. App.—Tyler 2019, pet. denied) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam)); *Beck v. Walker*, 154 S.W.3d 895, 901 (Tex. App.—Dallas 2005, no pet.). A trial court needs to follow "particular procedures" to enter a final award of child-support arrearages. *N.V.R.*, 580 S.W.3d at 225; *In re G.L.S.*, 185 S.W.3d 56, 59 (Tex. App.—San Antonio 2005, no pet.). First, the court must tally the arrearage amount based on the payment evidence presented. *N.V.R.*, 580 S.W.3d at 225; *Beck*, 154 S.W.3d at 903. After making the tally, the court should consider any offsets or counterclaims before entering a final award. *N.V.R.*, 580 S.W.3d at 225; *G.L.S.*, 185 S.W.3d at 59; *Beck*, 154 S.W.3d at 903. The petitioner must prove the arrearage, and the respondent must prove any applicable offsets or counterclaims. *N.V.R.*, 580 S.W.3d at 225; *Beck*, 154 S.W.3d at 903.

The trial court did not undertake any of the particular procedures required to support an award of child-support arrearages. The Department agrees that we should remove the provision about arrearages from the judgment. We therefore sustain Father's second and third issues in part and modify the judgment by removing this provision. *See* Tex. R. App. P. 43.2(b) (empowering courts of appeals to "modify the trial court's judgment and affirm it as modified").

## CONCLUSION

We modify the trial court's judgment to remove the provision about child-support arrearages.  We affirm the judgment as modified.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Modified and, as Modified, Affirmed

Filed:   February 20, 2020