Malynn H. HOWARD, Appellant,

v.

Gary R. BRIZENDINE, Appellee.

No. 7901.

Court of Civil Appeals of Texas,
Beaumont.

Jan. 20, 1977.

Kenneth H. Keeling, Huntsville, for appellant.

William E. Hornbuckle, III, Huntsville, for appellee.

STEPHENSON, Justice.

Gary Brizendine brought this action in the District Court of Walker County to modify a divorce decree by reducing the child support and changing the visitation rights. Malynn Howard filed a cross-action seeking judgment for delinquent child support payments. Trial was before the court and judgment was rendered reducing the child support, changing the visitation provisions and denying judgment on the cross-action. The parties will be referred to here by name. No complaint is made on appeal as to the support reduction or visitation rights.

A brief statement as to the history of this case is necessary in order to understand the points of error raised. These parties were divorced in the District Court of Walker County, July 20, 1970. Mrs. Howard was plaintiff, and she was awarded custody of the two minor children born of such marriage. Brizendine was ordered to pay $100 per month per child until each reached the age of eighteen years. The divorce decree also contained a provision showing that these parties had acquired community property which they had agreed to divide by written agreement and had asked the court to approve. Such agreement was attached to the judgment and approved by this court. That argeement also covered the provision as to custody and support for the children as set forth in the judgment.

October 28, 1974, Mrs. Howard, having remarried and moved to the state of Washington, filed a petition for support under the Uniform Reciprocal Enforcement of Support Act (U.R.E.S.A.) in Washington. Such action was then filed in the District Court in Walker County, and Brizendine was served with a notice to show cause he should not be punished for failure to comply with the child support order. Then on December 17, 1974, the District Court in Walker County heard such petition and entered an order denying all relief including denial of a judgment for all arrearages of child

support. Mrs. Howard did not appear, but the judgment showed she was represented by the Assistant County Attorney of Walker County.

July 8, 1975, Brizendine filed this present action and Mrs. Howard filed a cross-action, as mentioned above. The trial court filed findings of fact, which included the following in essence: that there was no appeal from the December 17, 1974, judgment in the U.R.E.S.A. action; that such action involved the same subject matter as the cross-action filed by Mrs. Howard in the present suit. The court also filed conclusions of law in part as follows: that the judgment of December 17, 1974, was a final appealable judgment; that such judgment is res judicata as to the issue of child support arrearage from July 20, 1970, until December 17, 1974, when the judgment was entered; that the instant cross-action constitutes a collateral attack upon the December 1974 judgment.

Mrs. Howard's first series of points of error attack the court's finding that the U.R.E.S.A. action and the present cross-action involve the same subject matter, and the conclusion that the first judgment is res judicata as to the cross-action and the conclusion that the present cross-action is a collateral attack upon the U.R.E.S.A. judgment.

An examination of the petition filed by Mrs. Howard in the U.R.E.S.A. case reveals that a prepared form was used. The paragraph as to the allegation about the arrears of child support has the words "not established" written in. The prayer contains the following:

"(2) That the respondent be directed to pay petitioner the above-stated arrears of support and that petitioner have and recover judgment against the respondent for said amount."

The affidavit attached to such petition is also a form, and the paragraph in reference to the amount of arrearage also has the words "not established" written in. The notice to show cause served upon Brizendine orders him to appear and show cause why he should not be held in contempt of court. However, in spite of all those matters, the judgment rendered by the trial court contained the following:

"And it appearing to the Court, after full and complete hearing, that all relief should be denied to Petitioner, MALYNN HARDY HOWARD, and that judgment of all arrearages of child support should be and all things denied;

"IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED by the Court that all relief herein is denied, the Petitioner shall recover nothing of and against Respondent, and that Respondent, GARY RICHMOND BRIZENDINE shall go hence without day, and that all costs of this proceeding are to be taxed against Petitioner."

Tex. Family Code Ann. § 14.09 (1975), which became effective before the U.R.E.S.A. action was filed, provides in part that an order for child support may be enforced by contempt and also that a judgment may be rendered against the defaulting party which may be enforced by any means available for enforcement of judgments for debts. In other words, at the time the U.R.E.S.A. action was filed, the trial court had statutory authority to consider and render a judgment on the issue of child support arrearage. Mrs. Howard invoked that jurisdiction, and the question was adjudicated.

Regardless of whether the trial court in the U.R.E.S.A. case was right or wrong in including the matter of support arrearage in its judgment, there is no question as to whether it had jurisdiction to determine that question and did. That judgment became final and is res judicata as to the issues determined. See the cases collated in *Barnett v. Maida*, 523 S.W.2d 325, 327 (Tex. Civ.App.—Beaumont 1975, writ ref'd n. r. e.).

Judgment AFFIRMED.