In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00095-CV
______________________________


 
IN THE INTEREST OF HALEE MARIE CALLAWAY, EMBER NICOLE 
CALLAWAY AND JORDAN BISHOP CALLAWAY, CHILDREN
 


                                              

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 95D0023-005


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Kevin Callaway appeals from an order dated March 20, 2003, awarding his ex-wife, Dawna,
a child support arrearage of $26,924.10 plus $2,000.00 in attorney's fees. When Kevin and Dawna
were divorced in 1995, Kevin was ordered to pay child support for their three children. Five motions
to enforce or to modify child support have been filed and ruled on since then.
            Kevin first contends the evidence does not support the trial court's determination of the
amount of arrearage owing.


 In this contention, Kevin invokes res judicata in arguing that a trial
court order entered September 30, 2002, specified the amount of arrearage as of that date, that the
order was final and unappealed, and that the March 20, 2003, order improperly includes child
support accruing before September 30, 2002.
            Res judicata prevents parties and their privies from relitigating a cause of action that has been
finally adjudicated by a competent tribunal. Ingersoll-Rand Co. v. Valero Energy Corp., 997 S.W.2d
203, 206 (Tex. 1999). As with other final, unappealed judgments which are regular on their face,
res judicata applies to final divorce decrees and arrearage judgments. See Berry v. Berry, 786
S.W.2d 672, 673 (Tex. 1990); In re Nichols, 51 S.W.3d 303, 307 (Tex. App.—San Antonio 2000,
no pet.); Howard v. Brizendine, 546 S.W.2d 136, 137 (Tex. Civ. App.—Beaumont 1977, no writ).
            In this case, the underlying order was signed September 30, 2002, but was based on a hearing
held July 10, 2000. That order contains the following finding:
Kevin Callaway is in contempt for failing to pay child support payments as ordered,
and he is in arrears in the amount of $2,638.04 as of the date of this hearing. 

The court went on to order that Kevin could purge the contempt by paying Dawna the arrearage and
attorney's fees of $750.00. The time that passed between the hearing and the signing of the order is
critical to this appeal.
            The order at bar, signed March 20, 2003, reads as follows:
The Court finds that . . . Kevin Callaway, is in arrears for child support obligations
in the total sum of $26,924.10 as of March 3, 2003. The Court further finds that such
arrearage has increased since the last finding of the Court as to arrearage in March
of 2000 . . . .

            In a series of arguments, counsel takes the position that the 2002 order was unappealed and
thus final, that it determined the total arrearage due as of September 30, 2002, and that therefore the
2003 order could not properly include child support accruing before September 30, 2002. At the
enforcement hearing, the trial court indicated it calculated the arrearage as the amounts unpaid
between July 2000 and March 2003.
            Counsel argues that, because the underlying order was signed September 30, 2002, that date
is the date as of which the arrearage was calculated. That misreads the 2002 order, which explicitly
states that the arrearage awarded therein was calculated "as of the date of this hearing" and recites
that the hearing occurred July 10, 2000. That the order was signed over two years later does not alter
the fact that the calculations were made as of the hearing date, not the date the judgment was signed. 
We overrule the contention of error.
            Kevin also contends that the trial court abused its discretion by overruling his motion for new
trial and that the evidence is legally and factually insufficient to support the award. Those
contentions also argue that the March 2003 order reconsidered matters decided in the September
2002 order. We have disposed of that argument above and will not reconsider it. We overrule these
contentions of error.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          February 26, 2004
Date Decided:             March 30, 2004