Opinion issued December 31, 2008












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-06-01185-CV




JANET PRIOR, Appellant

V.

LARRY D. PRIOR, Appellee




On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 82-02717




MEMORANDUM OPINION

          Appellant, Janet Prior (Janet), appeals from a take-nothing judgment rendered
against her on her claim for child support arrearages and in favor of her former
husband, appellee, Larry D. Prior (Larry) after a bench trial. Janet sought a
cumulative judgment of child support arrearages based on a Judicial Writ of
Withholding issued by a Mississippi Chancery Court. The associate judge of the trial
court conducted a bench trial in May 2002, and the trial court rendered the final
judgment in August 2006. We affirm. 
BACKGROUND
A.      The 1980 Divorce—Mississippi
          Janet and Larry were married in January 1958. When they divorced in 1980
in Mississippi, their four sons ranged in age from 14 to 21 years old.


 The March 11,
1980 decree of divorce imposed on Larry a monthly child-support obligation of $300
per child, for a total of $1,200 per month. Support payments began on March 15,
1980 and were to continue until each son finished four years of college. 
B.      1982 Support Order—Texas Enforcement of Mississippi Decree 
          Janet soon moved to Texas, and in January 1982, she petitioned for child
support in Texas under provisions of the Uniform Reciprocal Enforcement of Support
Act (URESA), former Tex. Fam. Code Ann. §§ 21.01-21.43.


 Her petition and
supporting testimony requested only the $300 per month in child support ordered by
the Mississippi divorce decree; only the youngest of her four sons was under the age
of 18 when she filed her petition. Janet’s petition and supporting testimony
affirmatively stated that Larry did not owe any child-support arrearages. 
          On January 25, 1982, the Honorable Manuel D. Leal, the former presiding
judge of the trial court, signed an order requiring Larry, who was then a resident of
Memphis, Tennessee, to pay Janet $300.00 per month as child support through the
Harris County Child Support Division, as she had requested in her petition. In
accordance with Janet’s petition and testimony, “N/A” appears on the order in the
blank reserved for “unpaid support under an existing order.”
          After the 1982 order was entered, Larry paid a total of $7,200 in support, until
his youngest child reached majority. The trial court findings of fact in this case show
that “[a] calculation of the total to be paid at the rate of $300 per month until his
youngest child reached majority in 1984 totals $7,200.”
C.      This Lawsuit
          On August 2001, however, Janet again petitioned the trial court for relief by
filing a motion seeking (1) a cumulative judgment to enforce a total of $450,045.64
in unpaid child support and (2) to suspend any Texas licenses held by Larry. Larry
made a special appearance and then filed traditional and no-evidence motions for
summary judgment. In support of her claims of unpaid support obligations, Janet
relied on a Notice of Application of Judicial Writ of Withholding purportedly issued
by the Chancery Court in Desoto County, Mississippi and served on Larry D. Prior.


 
In reliance on that document and on Janet’s request, on April 24, 2000, the clerk of
the trial court issued a “Judicial Writ of Withholding to Employer” to Larry’s
employer. 
          The trial court denied Larry’s special appearance in October 2001 and reset the
case for trial on the merits. The associate judge of the trial court took the motions for
summary judgment under advisement in March 2002 and conducted a trial on the
merits in May 2002. The case was then referred to the presiding judge of the trial
court, who rendered a take-nothing judgment on August 29, 2006 in favor of Larry. 
          In its findings of fact and conclusion of law the trial court found the following
regarding the issues of payment and res judicata:
6. Payment
a. In January 1982, Judge Leal, of the 308th Judicial District
Court of Harris County, ordered Larry D. Prior to pay $300.00 per
month to Janet Prior until his youngest child reached majority in 1984.
 
b. In January 1982, Judge Leal also ordered that any unpaid
support under the [then-existing divorce order] was “inapplicable.”
 
c. A calculation of the total to be paid at the rate of $300.00 per
month until his youngest child reached majority in 1984 total[ed]
$7,200.00.
 
d. Harris County Child Support records reflect that Larry D. Prior
paid $7,200 in child support from 1982 until 1984, when his youngest
son reached majority.
 
e. Janet Prior’s sworn affidavit reflects that Larry D. Prior paid
$7,200.00 from 1982 until 1984, when his youngest son reached
majority.
 
f. Larry D. Prior paid in full all sums of money ordered as his
support obligation to Janet Prior.
 
9. Res Judicata
 
a. In January 1982, the 308th Judicial District Court of Harris
County rendered a final judgment on the merits of Janet Prior’s claim for
child support against Larry D. Prior.
 
b. The parties to the suit in the 308th Judicial District Court of
Harris County, in which a final judgment was rendered in 1982, are the
same parties involved in the instant case.
 
c. The claims brought in the instant case were the same claims
that were raised in the 308th Judicial District Court of Harris County in
1982.
 
d. The claim raised by the Plaintiff’s case is barred by the
doctrine of res judicata by the 1982 judgment of this Court. 

RES JUDICATA

          In her third issue, Janet contends the trial court erred as a matter of law when
it found that her claims for child support arrearages were barred by the doctrine of res
judicata.
          We review the trial court’s conclusions of law independently to determine their
correctness from the facts found. Butler v. Arrow Mirror & Glass, Inc., 51 S.W.3d
787, 792 (Tex. App.—Houston [1st Dist.] 2001, no pet.); see In re K.R.P., 80 S.W.3d
669, 674 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (stating that trial court’s
legal conclusions are not binding on appellate court and are reviewable de novo). 
Findings of fact in a case tried to the court have the same force and effect as a jury’s
verdict on questions and are reviewed for legal and factual sufficiency under the same
standards that govern jury findings. Anderson v. City of Seven Points, 806 S.W.2d
791, 794 (Tex. 1991); Min v. Avila, 991 S.W.2d 495, 500 (Tex. App.—Houston [1st
Dist.] 1999, no pet.) When, as here, the appellate record contains a complete
reporter’s record of the trial, the trial court’s findings of fact are not conclusive, but
are subject to challenge for legal and factual sufficiency. Min, 991 S.W.2d at 500.
          In reviewing a legal-sufficiency challenge by the party who had the burden of
proof at trial, we examine the entire record to determine if the proposition contrary
to the jury’s finding is established as a matter of law, and we will sustain the
challenge only in that case. See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690
(Tex. 1989); see also City of Keller v. Wilson, 168 S.W.3d 802, 810 & n.16 (Tex.
2005) (citing, among other cases, King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751
(Tex. 2003)) (listing four instances in which legal sufficiency challenge must be
sustained, as follows: (1) complete absence of vital fact; (2) rules of law or evidence
preclude according weight to the only evidence offered to prove vital fact; (3)
evidence offered to prove vital fact is no more than scintilla; and (4) evidence
conclusively establishes opposite of vital fact).
          In applying the legal-sufficiency standard, we must credit evidence that
supports the judgment if reasonable jurors could, and we must disregard contrary
evidence unless reasonable jurors could not. City of Keller, 168 S.W.3d at 827. 
Accordingly, we review the evidence in the light most favorable to the verdict, but
disregard all contrary evidence that a reasonable jury could have disbelieved. Ysleta
Indep. Sch. Dist. v. Monarrez, 177 S.W.3d 915, 917 (Tex. 2005) (citing City of
Keller, 168 S.W.3d at 812). If the evidence falls within the zone of reasonable
disagreement, we may not invade the fact-finding role of the trial judge, who alone
determines the credibility of the witnesses, the weight to give their testimony, and
whether to accept or reject all or any part of that testimony. See City of Keller, 168
S.W.3d at 822.
          However, “as with other final, unappealed judgments which are regular upon
their face, res judicata applies to arrearage judgments.” In re Nichols, 51 S.W.3d 303,
307 (Tex. App.—San Antonio 2000, no pet.); see Berry v. Berry, 786 S.W.2d 672,
673 (Tex. 1990).
          In Howard v. Brizendine, 546 S.W.2d 136, 136–37 (Tex. Civ.
App.—Beaumont 1977, no writ), a husband and wife were divorced in Walker
County, Texas in 1970. In 1974, the wife, who had moved to Washington, filed a
petition for support under the URESA. Id. Such action was then filed in Walker
County, where husband resided. Id. In December 1974, the Walker County court
heard the petition and entered an order denying all wife’s claims for relief, including
a denial of a judgment for arrears. Id. In 1975, the husband filed an action to reduce
child support and change visitation. Id. The wife filed a cross-action for arrearages. 
Id. The trial court found that the December 1974 judgment was a final, appealable
judgment, and that such judgment was res judicata as to child support arrearages
alleged to have accrued before the date of the December 1974 judgment. Id. at 137. 
The trial court affirmed, holding that “[r]egardless of whether the trial court in the
URESA case was right or wrong in including the matter of support arrearage in its
judgment, there is no question as to whether it had jurisdiction to determine that
question and did. That judgment became final and is res judicata as to the issued
determined.” Id. 
          In the case of In re M.K.R., 216 S.W.3d 58, 61 (Tex. App—Fort Worth 2007,
no pet.), the trial court, in 1994, signed an order granting an arrearage judgment to the
wife. In 2001, the husband sought to modify his support obligation. Id. The wife
responded, asserting a claim for arrearages, some of which had accrued before the
date of the 1994 order. Id. The court of appeals held that, because the wife should
have raised her claim for all arrearages occurring prior to the 1993 order at that time,
the 1993 order was res judicata on the issue of arrearages occuring before the date it
was signed. Id. at 66. 
          Res judicata, or claims preclusion, prevents parties from relitigating a claim 
or cause of action that has been finally adjudicated. Barr v. Resolution Trust Corp.,
837 S.W.2d 627, 628 (Tex. 1992). Res judicata generally requires proof of the
following elements: (1) a prior final judgment on the merits by a court of competent
jurisdiction; (2) identity of parties or those in privity with them; and (3) a second
action based on the same claims that were raised or could have been raised in the first
action. Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex.1996). 
          Similar to Howard and M.K.R., in this case, the 308th Judicial District Court
of Harris County, Texas had already issued a final judgment on the merits as to the
very arrearages that are the subject of this case, which was never appealed by Janet. 
In January 1982, Janet petitioned the 308th Judicial District Court in Harris County
for child support in the amount of $300.00 per month. In the same petition, Janet
indicated that no past due child support payments were owed to her by Larry. 
Subsequently, Judge Leal, then the presiding trial judge, ordered Larry to pay $300.00
per month in child support until his youngest son reached the age of majority in 1984
and rendered judgment that any unpaid support under the 1980 divorce decree was
“inapplicable.” Judge Leal’s order resolved the issue of arrearages accruing prior to
the date it was entered, and awarded no arrearages to Janet.
          On August 1, 2001, Janet filed her Motion for Cumulative Judgment of Child
Support Arrears and Petition for Suspension of Licenses for Failure to Pay Child
Support. Both of these new claims concern Janet and Larry and are related to child-
support payments allegedly owed to Janet by Larry. However, the issue of child
support payments owed to Janet Prior was settled in 1982 by Judge Leal and never
appealed by Janet Prior. Thus, the 1982 order is res judicata as to any of the
arrearages that Janet claims accrued prior to the date of the 1982 judgment. Even if
the 1982 judgment is incorrect in its determination of arrearages, any attempt by Janet
to alter the terms of the 1982 order at this time would be an impermissible collateral
attack on that judgment. See M.K.R., 216 S.W.3d at 66; Howard, 546 S.W.2d at
146–47.
          Regarding arrearages allegedly occurring after the date of the 1982 judgment,
the trial court found that Larry owed, and paid, $7,200, which represented the $300
per month Larry was required to pay from 1982 until his youngest son reached
majority in 1984. In fact, Janet’s evidence supports the trial court’s finding that Larry
paid $7,200 between 1982 and 1984. Janet does not challenge the legal and factual
sufficiency of these findings.
          We hold that Janet’s claims as to arrearages accruing prior to 1982 are barred
by res judicata, and we overrule her third issue. Having so held, we need not address
her remaining issues.
 
 
 
CONCLUSION
          Because Janet does not challenge the legally and factually sufficiency of the
evidence to support the trial court’s finding that any arrearages accruing between
1982 and 1984 were paid, we affirm the judgment of the trial court. 
 
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Bland.