302 S.W.3d 511 (2009)
In the Interest of H.J.W. and M.E.W., Children.
No. 05-08-00474-CV.
Court of Appeals of Texas, Dallas.
December 11, 2009.
*512 Dorothy Ripka, Cordell & Cordell, PC, Dallas, TX, for appellant.
Wesley C. Johnson, Law Office of Wesley C. Johnson, Garland, TX, for appellee.
Before Justices MORRIS, BRIDGES, and MURPHY.

OPINION
Opinion By Justice MORRIS.
This appeal involves a modification of child support. Appellant Jay White complains the trial court abused its discretion in denying his request for reimbursement of an alleged "overpayment" of child support, *513 failing to order the abatement of his child support obligation retroactive to the filing date of his first petition to modify, and ordering appellant to continue to pay for the children's health insurance and unreimbursed medical expenses. For the reasons that follow, we affirm.

I.
Appellant and appellee, Dana White, were divorced on July 19, 2006. The divorce decree ordered appellant to pay child support of $606 per month for the two children of the marriage. It also ordered him to pay $67.79 per month for the children's health insurance plus certain unreimbursed medical expenses. Appellant filed his first petition to modify the parent-child relationship on November 22, 2006 seeking, among other things, a modification of his monthly support obligations because "the circumstances of the children or a person affected by the order have materially and substantially changed ... and the support payments should be terminated due to a change in possession." In March 2007, after being diagnosed with stage-four cancer, appellant filed another petition to modify requesting termination or abatement of the child support order "due to a change in the health of [appellant]...." Appellee filed a motion to modify the parent-child relationship on June 14, 2007 requesting that appellant have only supervised visitation with the children.
The trial court heard the requests for modification over several days beginning September 6, 2007. Before the hearings were completed, however, appellant received a notice from the Social Security Administration that his illness entitled him to disability benefits of $1,276 per month and monthly supplemental security income payments of $623. In letters dated October 20, 2007, the Social Security Administration notified appellee that each child was also entitled to benefits beginning August 2006 as a result of appellant's illness. Each child was awarded a lump sum payment of $7,633 for monthly benefits due through August 2007. The letters also indicated each child would continue to receive a monthly payment of $593. The hearings were completed on November 30, 2007. On January 15, 2008, the trial court signed an order abating appellant's obligation to pay child support beginning October 1, 2007, denying his request for a credit or reimbursement for alleged "overpayment" of child support, and ordering appellant to continue to reimburse appellee for medical insurance and other medical expenses as previously ordered. This appeal followed.

II.
We review a trial court's ruling on a request to modify child support for an abuse of discretion. In re J.D.D., 242 S.W.3d 916, 919 (Tex.App.-Dallas 2008, pet. denied). In his first issue, appellant asserts the trial court abused its discretion when it denied his request for reimbursement of his "overpayment" of child support. Appellant generally argues it is inequitable to allow appellee to keep the lump sum payment the children received from Social Security for his disability from August 2006 through August 2007 in addition to the monthly child support payments he made for the same time period.
When calculating the amount of child support to be paid by a disabled obligor, the Texas Family Code requires the trial court to subtract from the total due under the child support guidelines the amount of benefits paid to or for the child as a result of the obligor's disability. TEX. FAM.CODE ANN. § 154.132 (Vernon 2008). Thus, the statute entitles appellant to a credit for the children's social security payments contemporaneous with appellant's support obligation. *514 Applying this provision, the trial court abated appellant's child support obligation from October 1, 2007 until such time as the children stop receiving social security benefits as result of appellant's disability. This provision, however, does not require the trial court to order appellee to reimburse appellant for child support payments previously made once the children receive a lump sum disability award covering the same time period. In fact, the family code generally prohibits the retroactive modification of child support. Id. § 156.401(b) (support order may be modified only as to obligations accruing after the earlier of either the date of citation or appearance in suit to modify). The record reflects appellant paid the amount of child support he was required to pay pursuant to the divorce decree for the period in question. Other than the receipt of a lump sum disability payment on behalf of each child, appellant has presented no facts to support his position that equity requires appellee to return the child support payments previously made pursuant to a court order or to pay him the lump sum payments she received from Social Security on behalf of the children. The fact that appellant made his monthly child support payments suggests he was capable of meeting his support obligations despite his disability. Appellant has cited no authority, and we have found none, that would mandate reimbursement merely because the children received a lump sum disability payment covering the same time period. Based on the record before us, the trial court did not abuse its discretion in denying appellant's request for reimbursement. We resolve appellant's first issue against him.
In a related issue, appellant contends the trial court erred in failing to abate his child support obligation retroactive to November 22, 2006, the date he filed his first motion to modify. Although the family code gives the trial court discretion to order modification of child support retroactively to the filing of the petition to modify, it does not require retroactive modification. See id. Our review of the record reveals that, at the hearing on September 6, 2007, appellant first requested a modification of his child support obligations based specifically on the social security disability payments. At that time, appellee had not yet received any disability payments from Social Security on behalf of the children. The social security records before the trial court indicate appellee received the children's first payments from Social Security in October 2007. Based on the record before us and in the absence of any statutory or case law to support appellant's position, we conclude the trial did not abuse its discretion in ordering the abatement of his child support obligations to commence October 1, 2007. We resolve appellant's second issue against him.
In his third issue, appellant complains about the trial court's order requiring him to continue making payments for the children's health insurance and unreimbursed medical expenses. Appellant argues that, because the amount of the monthly social security disability benefits appellee now receives for the children is almost double the amount of his original child support obligation (including his health insurance reimbursement payment), the trial court should not have ordered him to continue to pay medical support. The child support guidelines assume the court will order an obligor to provide medical support in addition to the amount of support calculated pursuant to the child support guidelines. Id. § 154.064. The amount of medical support is thus separate and distinct from the amount required pursuant to the child support guidelines. Once again appellant has cited no authority, *515 and we have found none, that supports his contention that the trial court was required to abate his obligation to pay medical support in light of disability payments now paid to the children. Unlike section 154.132, which requires the trial court to deduct the amount of disability payments the children receive from the amount due under the child support guidelines, the family code has no similar provision relating to medical support. Likewise, contrary to appellant's contention, there is no indication that the trial court did not consider appellant's ability to pay medical support before ordering him to do so. As noted above, the evidence before the trial court suggested that even with his disability and before he began receiving disability payments, appellant was able to satisfy all of his support obligations with respect to the children. We resolve appellant's third issue against him.
We affirm the trial court's order.