# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-17-00426-CV
_____


### IN THE INTEREST OF D.S.H.

---

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 09-10-09572-CV**

---

### MEMORANDUM OPINION ON REHEARING EN BANC[1]

In this appeal, D.S.H.'s Father[2] filed an appeal from the trial court's amended-final judgment, rendered in 2017, refusing his request asking the trial court to

---

[1] We issued our original Memorandum Opinion in this case on August 30, 2018. Appellant filed a motion for rehearing en banc, which we granted. We correct the opinion upon that rehearing, but the disposition remains the same. *See In re D.S.H.*, No. 09-17-00426-CV, 2018 Tex. App. LEXIS 7128 (Tex. App.—Beaumont Aug. 30, 2018, no pet. h.) (mem. op.); *see also* Tex. R. App. P. 49.3.

[2] To protect the identity of the individuals who are the interested parties to the judgment being appealed, we identify the child by using a pseudonym, David, and we identify David's parents based on their familial relationship to him. *See* Tex. R. App. P. 9.8(a), (b).

1

retroactively modify a temporary child-support order rendered in December 2013.[3] According to Father, the trial court failed to properly calculate the support amounts awarded in the December 2013 temporary order. Father contends the error occurred when the trial court calculated the amounts Father had to pay in support because the court failed to adjust his child-support obligation by reducing it to account for the disability benefits David was receiving because of his father's disability. Father concludes that the trial court should have corrected the problem created in the temporary order when the court calculated his support obligation without giving him the benefit of the disability credit. Father also argues that the trial court's refusal to declare that he was not in arrears when rendering the amended-final judgment violated the mandate this Court issued in Father's prior appeal.[4] *See In re D.S.H.,* No. 09-16-00109-CV, 2017 Tex. App. LEXIS 3525, at *16-18 (Tex. App.— Beaumont 2017, no pet.) (mem. op.) (requiring the trial court, on remand, to recalculate Father's support obligation under the final judgment to account for the

---

[3] Father did not challenge the December 2013 temporary order by filing a petition seeking a writ of mandamus. Instead, he appeals from the amended-final judgment, rendered in September 2017, which reveals that the trial court implicitly rejected Father's argument suggesting that the amended-final judgment should include language stating that he owed no arrears.

[4] The amended-final judgment, rendered in 2017, corrects the disability benefits credit issue retrospectively to 2016, the date the trial court rendered the earlier final judgment, from which Father filed his earlier appeal.

disability benefits David was receiving because of his father's disability); *see also* Tex. Fam. Code Ann. § 154.132 (West 2014) (requiring that trial courts reduce a parent's child-support obligation by the disability payments the child is receiving because of a parent's disability).

We conclude the Family Code does not permit the modification of temporary child-support awards to make the changes in support retroactive to a date predating the date that a parent lodges a challenge to the amount the parent must pay under a temporary order. *See* Tex. Fam. Code Ann. § 156.401(b) (West Supp. 2017) (authorizing partial retroactivity on changes trial courts make to child-support awards in temporary orders). Thus, we hold the trial court did not err in refusing Father's request to declare that he was not in arrears.

## Background

Mother and Father divorced in 2007 when their child, David, was nine years old. About six years later, Mother sued Father seeking to modify the decree the trial court rendered following Mother's and Father's divorce. In her suit, Mother asked the court to modify the decree by naming her as the parent with the right to designate David's primary residence.

After Mother sued to modify the decree, the trial court issued a temporary child-support order dated December 2013. The December 2013 temporary order

3

gave Mother the exclusive right to determine David's residence. Additionally, the trial court's December 2013 temporary order required that Father pay Mother temporary child support. The record does not show that when the trial court signed the December 2013 temporary order that it knew the amount of social security benefits that David was receiving due to his father's disability.[5] Moreover, Father did not challenge the child-support award that is in the December 2013 order by filing a petition for a writ of mandamus.

One of the issues in Mother's suit to modify the decree—whether Mother should have the exclusive right to designate David's primary residence—was determined in a jury trial. During the jury phase of the trial, which occurred in 2015, the attorneys for David's parents revealed that David was receiving disability benefits because his father is disabled. *See In re D.S.H.*, 2017 Tex. App. LEXIS 3525, at *9. A few months later, the parties tried all remaining issues in Mother's suit to modify to the bench. In rendering a final judgment, the trial court failed to

---

[5] The temporary order contains separate awards for temporary child support and for medical support. We take judicial notice of the record from Father's prior appeal challenging the final judgment the trial court rendered in the suit to modify the decree. *In re D.S.H.*, No. 09-16-00109-CV, 2017 Tex. App. LEXIS 3525 (Tex. App.—Beaumont 2017, no pet.) (mem. op.). "A court of appeals has the power to take judicial notice for the first time on appeal." *Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Tex.,* 878 S.W.2d 598, 600 (Tex. 1994).

adjust Father's prospective child-support obligation to account for the disability payments David was receiving because of his father's disability. *Id*. at \*11.

Father appealed from the final judgment, complaining in part that the trial court erred by failing to recalculate Father's support obligation based on the disability payments David was receiving because his father is disabled. *See id.* at \*16. After considering Father's arguments in that appeal, we reversed the judgment and remanded the case to the trial court, and we directed the trial court to adjust Father's support obligation to account for the value of the disability benefits David was receiving due to his father's disability. *Id*. at \*18; *see also* Tex. Fam. Code Ann. § 154.132.

After we remanded the case for further proceedings, the trial court adjusted Father's support obligation prospectively, beginning from the date that it rendered the final judgment. The trial court, however, refused Father's request to make the adjustment in his support obligation retroactive to the December 2013 temporary order. As it stands, someone might seek to enforce a claim for unpaid support that accrued between the date the trial court signed the temporary order and the date the trial court signed the final judgment. Thus, the adjustment the trial court allowed to Father's child-support obligation on remand was retrospective to February 1, 2016,

which is the date the trial court rendered the final judgment from which Father appealed.[6]

In this appeal, Father argues the trial court erred by failing to make the disability credit retrospective to the December 2013 temporary order. In part, Father argues that the final-amended judgment violates the mandate the Court issued with Father's previous appeal. *See In re D.S.H.,* 2017 Tex. App. LEXIS 3525, at *18. We note our jurisdiction over the parties and over the appeal. Tex. Fam. Code Ann. § 109.002(b) (West Supp. 2017).

## Analysis

Essentially, Father challenges the trial court's refusal to make the amended-final judgment operate retroactively on the obligation created by the temporary order. Under Texas law, trial courts may issue temporary orders in modification actions that modify certain aspects of decrees, such as an award of child support. *Id.* § 156.006 (West Supp. 2017).

The Family Code, however, contains limitations on the extent to which a trial court is authorized to retroactively modify a temporary order awarding support. *Id.* § 156.401(b). While changes in orders awarding support may be made partly

---

[6] The amended-final judgment does not declare Father to be in arrears. Moreover, nothing in the record before us suggests that anyone has filed a claim seeking to enforce a claim for arrears.

retroactive, the Family Code generally prevents the changes from being fully retroactive. *See In re H.J.W.*, 302 S.W.3d 511, 513-14 (Tex. App.—Dallas 2009, no pet.) (explaining that section 156.401(b) of the Family Code "generally prohibits the retroactive modification of child support").

Here, the record does not show that Father immediately challenged the support obligation the trial court imposed on him under its December 2013 temporary order. For instance, while Father filed an answer and counter-petition to Mother's suit seeking to modify the terms of the decree, these pleadings do not contain a claim challenging the amount of Father's support obligation as determined in the temporary order. For the first time, in December 2015, Father challenged the amount of his monthly support obligation under the December 2013 temporary order. *See In re D.S.H.*, 2017 Tex. App. LEXIS 3525, at *3.

Father appealed from the final judgment the trial court rendered in the modification suit, and he challenged the trial court's failure to account for the undisputed amounts David was receiving in disability benefits due to his father's disability. *Id.* at *1. In resolving the issues Father raised in that appeal, we required the trial court to account for the disability payments, but we did not indicate how far back the trial court should go when adjusting Father's accrued obligation. *Id*. at *17-18.

On remand, the trial court adjusted Father's support obligation back to the date that it issued the amended-final judgment, but it refused Father's request to adjust his support obligation retroactively to the date of the December 2013 temporary order. That said, the trial court's decision on how far back to adjust Father's obligation is consistent with section 156.401(b) of the Family Code, which prohibits trial courts from retroactively modifying temporary support orders to a date that predates the day the parent opposing a support award notifies the other parties to the suit that they are challenging the amount of a temporary award. *See* Tex. Fam. Code Ann. § 156.401(b).

## Conclusion

Simply put, the Family Code does not authorize the relief that Father requested. Father's request, had it been granted, would have required the trial court to ignore the requirements of section 156.401(b). *Id.* For this reason, we overrule the arguments Father raises in his brief, and we affirm the amended-final judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Opinion Delivered September 27, 2018
Before McKeithen, C.J, Kreger, Horton, and Johnson, JJ.