

# NUMBER 13-20-00275-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF R.D.E. AND M.A.E., CHILDREN

On appeal from the 430th District Court
of Hidalgo County, Texas.

# OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Opinion by Chief Justice Contreras**

Appellant, the Office of the Attorney General of Texas (OAG), appeals a judgment concerning the child support obligations of appellee R.E. By one issue, the OAG argues the trial court abused its discretion when it gave R.E. a credit toward his future child support obligations.[1] We affirm.

---

[1] R.E. has not filed a brief to assist us in the resolution of this appeal.

## I.   BACKGROUND

On August 22, 2016, the trial court signed a final decree of divorce terminating the marital union between R.E. and M.E. and ordering R.E. to pay $603.25 in child support per month for their two children. On May 21, 2018, R.E. filed his first amended petition to modify the parent-child relationship, alleging that "[t]he circumstances of the children, a conservator, or other party affected . . . have materially and substantially changed . . . ." R.E. also sought to "modify the [child support obligations] to substantially conform to the guidelines." The OAG intervened in R.E.'s suit, stating that R.E. owed $3,969.12 in child support as of January 15, 2019. The OAG asked the trial court to "confirm and enter judgment for all support arrearage and accrued interest as of the hearing date."

On February 4, 2019, the OAG submitted a brief stating that R.E. began receiving social security disability benefits and that the children "received a one[-]time lump sum benefit from the [Social Security Administration] in the amount of $7850.00." The OAG argued that the lump sum could be used as a credit against R.E.'s arrearage of $918.45,[2] but that the surplus could not be used as a credit towards his future child support payments. R.E. filed a memorandum with the court arguing that the trial court should award him "a credit towards his child support obligation in the amount of $6,931.57."

On January 17, 2020, the trial court signed an order finding that R.E. "is entitled to credit in the amount of [$7,850.00] towards his child support arrearage as of June 1, 2018" and that, "[a]pplying the [$7,850.00] to the [$918.43], leaves [R.E.] with a child support

---

[2] It is unclear from the record why the amount of arrearage alleged by the OAG was reduced from $3,969.12 to $918.45.

credit (future pay) in the amount of [$6,931.57] towards the child support as of June 1, 2018." The OAG requested that the trial court issue findings of fact and conclusions of law, which the trial court did not do, and filed a motion for new trial, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.

## II. DISCUSSION

By its sole issue, the OAG argues the trial court erred when it credited $6,931.57 from the lump-sum disability payment toward R.E.'s future child support obligations.

### A. Standard of Review

Trial courts have broad discretion in setting child support payments and modifying those payments. *In re K.M.B.*, 606 S.W.3d 889, 894 (Tex. App.—Dallas 2020, no pet.); *see Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011) ("A trial court has discretion to set child support within the parameters provided by the Texas Family Code."). We review a trial court's child-support order and confirmation of an arrearage amount for an abuse of discretion. *See In re D.L.N.*, 609 S.W.3d 237, 243 (Tex. App.—Texarkana 2020, no pet.); *Cline v. Cline*, 557 S.W.3d 810, 813 (Tex. App.—Houston [1st Dist.] 2018, no pet.). A trial court abuses its discretion when it rules without regard to guiding rules or principles. *In re D.L.N.*, 609 S.W.3d at 243.

### B. Applicable Law

Social security payments are a substitute for a disabled parent's earnings. *In re Rich*, 993 S.W.2d 272, 274 (Tex. App.—San Antonio 1999, no pet.); *see In re Allsup*, 926 S.W.2d 323, 328 (Tex. App.—Texarkana 1996, no writ). "One of the primary purposes of the social security act is to provide a means for a disabled worker to meet his obligations

3

during a period of disability." *In re Rich*, 993 S.W.2d at 274–75. "An order to pay child support is for the benefit of the child, and if the child support is paid through the receipt of social security benefits on account of a parent, then the purpose of the support order is accomplished." *Id.* at 275.

In rendering a judgment confirming the amount of arrearages, the court may not reduce or modify the amount of child support arrearages, but in confirming the amount of arrearages, the court may allow a counterclaim or offset as provided in Title 5 of the family code. TEX. FAM. CODE ANN. § 157.263(b-1). "[I]f a child for whom the obligor owes child support receives a lump-sum payment as a result of the obligor's disability and that payment is made to the obligee as the representative payee of the child, [then] the obligor is entitled to a credit" towards the amount of arrearages. *Id.* § 157.009. "The credit under [§ 157.009] is equal to the amount of the lump-sum payment and shall be applied to any child support arrearage and interest owed by the obligor on behalf of that child at the time the payment is made." *Id.*

The family code also directs that social security disability benefits should be taken into account when computing a monthly child support obligation. *See id.* §§ 154.062(b)(5) (stating that an obligor's net resources include disability benefits), 154.125 (guidelines), 154.132. The code provides that in applying the child support guidelines to an obligor who receives social security benefits, the court must determine the amount of child support that would be ordered under the child support guidelines and subtract "from that total the amount of benefits or the value of the benefits paid to or for the child as a result of the obligor's disability." *Id.* § 154.132.

**B.    Analysis**

Here, R.E. filed a petition seeking the modification of his child support obligation, among other relief, because "[t]he circumstances of the children, a conservator, or other party affected . . . ha[d] materially and substantially changed." R.E. sought to have his child support obligation "substantially conform with the guidelines." It is undisputed that: M.E. received a lump-sum disability payment on behalf of R.E.'s children as a result of R.E.'s disability, R.E. owed $918.43 in child support arrearages, and the trial court properly applied part of the lump-sum disability payment to satisfy the arrearages. *See id.* § 157.009 ("The credit under this section is equal to the amount of the lump-sum payment and shall be applied to any child support arrearage and interest owed by the obligor on behalf of that child at the time the payment is made."). The dispute concerns what to do with the remaining $6,931.57 of the lump-sum disability benefits received by M.E. on behalf of the children. The OAG argues that R.E. is not entitled to a credit toward his future child support obligations because the family code does not provide for that. We disagree.

As noted, the family code provides that, in applying the child support guidelines to an obligor who receives social security benefits, the court must determine the amount of child support that would be ordered under the child support guidelines and subtract "from that total the amount of benefits or the value of the benefits paid to or for the child as a result of the obligor's disability." *Id.* § 154.132. This same provision applies with equal force to the modification of child support under chapter 156. *In re G.L.S.,* 185 S.W.3d 56, 59 (Tex. App.—San Antonio 2005, no pet.); *see* TEX. FAM. CODE ANN. § 156.402. The

5

OAG does not dispute that R.E.'s child support obligation under the family code guidelines is $603.25 per month.[3] *See* TEX. FAM. CODE ANN. § 154.125.

When a child receives a monthly amount from the social security administration as a result of an obligor parent's disability, as opposed to a lump-sum disability payment, courts subtract this amount from the monthly child support payment mandated by the guidelines. *See In re H.J.W.*, 302 S.W.3d 511, 513 (Tex. App.—Dallas 2009, no pet.) (noting that § 154.132 "entitles appellant to a credit for the children's social security payments contemporaneous with appellant's support obligation"); *In re G.L.S.*, 185 S.W.3d at 58–59; *see also In re D.S.H.*, No. 09-16-00109-CV, 2017 WL 1429198 (Tex. App.—Beaumont Apr. 20, 2017, pet. denied) (mem. op.) ("Because [§] 154.132 requires the trial court to subtract the benefits paid to the child as a result of the obligor's disability from the amount of child support that would be ordered under the child support guidelines, we conclude that the trial court abused its discretion by failing to do so."). However, we have not found a case, nor does the OAG point us to one, addressing whether a lump-sum disability payment may be applied as a credit to future monthly child support obligations.

Prior to 1999, the Texas Family Code did not provide for any offsets or credits to child-support obligations based on a parent's social security disability income. *See Att'y Gen. of Tex. v. Stevens*, 84 S.W.3d 270, 273 n.7 (Tex. App.—Houston [1st Dist.] 2002, no pet.). However, in 1999, the Legislature added § 154.132, providing for credits to an

---

[3] The record does not reflect how the $603.25 obligation was calculated by the trial court when it rendered the divorce decree, and the OAG raises no issue arguing that this amount is incorrect under the guidelines.

6

obligor for "benefits paid to or for the child as a result of the obligor's disability." TEX. FAM. CODE ANN. § 154.132; *see In re G.L.S.*, 185 S.W.3d at 60 ("By adopting [§] 154.132, the Legislature has recognized the equity in granting a credit for social security disability benefits when establishing or modifying child support."); *Stevens*, 84 S.W.3d at 273 n.7. Section 154.132 does not explicitly or implicitly limit the credit solely to monthly disability payments received on behalf of an obligor's child; rather, it clearly states it applies to all "benefits paid to or for the child as a result of the obligor's disability." *See* TEX. FAM. CODE ANN. § 154.132. This would include the lump sum award received by the children here as a result of R.E.'s disability. Accordingly, it was proper for the trial court to apply the remaining $6,931.57 to R.E.'s future child support obligations. *See id.* We cannot conclude that the trial court abused its discretion when it awarded a credit towards R.E.'s future child support obligation based on the lump-sum disability payment. *See id.* §§ 154.132, 156.402; *In re H.J.W.*, 302 S.W.3d at 513; *In re G.L.S.*, 185 S.W.3d at 58–59; *In re Rich*, 993 S.W.2d at 274–75.

The OAG argues that a trial court may not grant an "obligor a 'future pay' offset against his prospective child support obligation" and points to a previous opinion of this Court. *See Troiani v. Troiani*, No. 13-18-00271-CV, 2019 WL 5444407, at *8 (Tex. App.—Corpus Christi–Edinburg Oct. 24, 2019, no pet.) (mem. op.) (reversing the trial court's award of offsets to father for his future child support obligations). *Troiani* is distinguishable. There, we considered whether the obligor was entitled to an offset on his future child-support obligation because he made $8,820.60 in private school tuition payments for the benefit of the child. *Id.* at *9. We held that offsets were not available: (1)

7

under § 154.012, because the obligor's support obligation had not terminated; (2) under § 154.014, because the obligor made the payments directly to the school, not through a child support agency or registry; or (3) under § 157.008, because the obligor was not in arrears. *Id.*; *see* TEX. FAM. CODE ANN. §§ 154.012, 154.014, 157.008. We further held that the trial court had no authority to award an offset under § 156.401(a)(1) because there were no pleadings alleging, nor was there any evidence of, a material and substantial change in circumstances. *Troiani*, 2019 WL 5444407, at *10; *see* TEX. FAM. CODE ANN. § 156.401(a)(1). We did not consider whether an offset was available under § 154.132 because the payments at issue were not "benefits paid to or for the child as a result of the obligor's disability." *See* TEX. FAM. CODE ANN. § 156.132. And unlike in *Troiani*, the obligee's receipt of the lump-sum payment in this case constitutes a material and substantial change in circumstances which supports the modification of R.E.'s future monthly obligation. *See id.* § 156.401(a). For these reasons, we reject the OAG's argument and reliance on *Troiani*.

The OAG also argues that "[c]redits to future child support obligations [are] not allowed outside Title 5 of [the] Texas Family Code." However, Title 5 includes § 154.132. *See* TEX. FAM. CODE ANN. § 154.132. Finally, the OAG argues that "social security payments [are] not child support" and points to a United States Supreme Court case. *See Sullivan v. Stroop*, 496 U.S. 478, 481 (1990) (concluding that "child's insurance benefits" paid pursuant to Title II of the Social Security Act "do not constitute 'child support' as that term is used in provision in Title IV of the Act governing eligibility for Aid to Families With Dependent Children"). However, the Texas Family Code specifically provides for the

8

consideration of social security disability payments when calculating a parent's child support obligation, in modifying child support orders, and in confirming arrearages of child support. *See* TEX. FAM. CODE ANN. §§ 154.062(b)(5), 154.132, 157.009. We reject these arguments.

The OAG's sole issue is overruled.

### III.   CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
10th day of June, 2021.

9