

# NUMBER 13-23-00068-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE INTEREST OF E.M.N., A CHILD

---

## ON APPEAL FROM THE 444TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion by Justice Tijerina**

Pro se appellant Father[1] appeals the trial court's order in a suit for modification of

child support brought by the Office of the Attorney General (OAG). By five issues, Father

argues: (1) the trial court misinterpreted the law regarding social security disability

benefits; (2) the trial court failed to recognize that social security benefits belonging to a

---

[1] We refer to the parties and their children by pseudonyms. *See* TEX. FAM. CODE ANN. § 109.002(d) ("On the motion of the parties or on the court's own motion, the appellate court in its opinion [in a parental termination case] may identify the parties by fictitious names or by their initials only."); TEX. R. APP. P. 9.8 cmt. ("The rule does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases.").

child may only be received by an appointed representative payee; (3) the trial court incorrectly determined that § 154.132 of the family code does not apply to lump-sum disability payments; (4) the OAG failed to meet its burden; and (5) the trial court failed to review evidence at trial regarding the OAG's receipt of social security benefits on behalf of the child. We reverse and remand.

## I.    BACKGROUND

In October 2011, Father began paying Mother monthly child support for E.M.N., who was born in 2009. When Father and Mother reconciled, Father requested a modification of support. On July 19, 2017, the trial court held a hearing in a suit for modification of support and granted Father child support possession credits in the amount of $6,800 and medical possession credits in the amount of $1,583 toward "all unpaid child support and any balance owed on previously confirmed arrearages." The trial court confirmed that Father did not owe child support arrearages, found that "the parties have reconciled and are living together," and ordered "child support and medical support be modified to $0." The OAG filed a notice of termination of child support on December 7, 2017, stating it was "no longer providing any child support services to [Mother]. All child support payments should continue to be paid as currently ordered to [Mother]."

On April 25, 2020, Mother received an award letter from the Social Security Administration (SSA) informing her that her child E.M.N. was entitled to derivative social security benefits based on Father's disability. E.M.N. received a check in the amount of $56,240 in social security benefits as backpay for Father's disability from December 2019

through March 2023. Additionally, SSA informed Mother that E.M.N. would thereafter receive monthly social security benefits in the amount of $701 due to Father's disability.

On January 3, 2022, the OAG filed a "Notice of Attorney General as Necessary Party and Change of Payee," claiming that the OAG is assigned Mother's rights. Following a hearing on the OAG's motion, on August 4, 2022, the trial court entered an order finding that E.M.N. "receives a monthly social security payment of $750 as a result of [Father's] disability"; finding that Father had over $4,500 in monthly net resources; and ordering Father to pay monthly child support in the amount of $165 and monthly "cash medical support, as additional child support" in the amount of $200.

Father requested a trial de novo, asserting the trial court erred in ordering him to pay monthly cash medical support and additional child support in violation of the Texas Family Code § 154.132. According to Father, § 154.132 required the trial court to offset Father's future child support obligations by crediting any social security back pay as a result of Father's disabilities. *See* TEX. FAM. CODE ANN. § 154.132 (addressing periodic disability payments).

The trial court held a hearing on September 13, 2022. At the hearing, Father sought credit in the amount of $56,240 to be applied towards his future child support obligation— comprising the $200 monthly cash medical support and $165 monthly child support. Father clarified that he and Mother were still together and were together when the $56,240 lump sum was paid to them. Father informed the trial court that it was required to follow this Court's holding in *In re R.D.E.* where this Court applied an obligor's social security

3

disability credit prospectively. *See In re R.D.E.*, 627 S.W.3d 798, 800 (Tex. App.—Corpus Christi–Edinburg 2021, pet. denied).

The OAG explained that the trial court already gave Father a credit for the monthly social security benefits E.M.N. receives in the amount of $701, but because Father's child support obligation is greater than E.M.N.'s monthly social security benefits of $701, Father should pay the difference in child support in the amount of $200 for monthly cash medical support and $165 for monthly child support. The OAG argued that it "seem[s] inappropriate to apply [the lump sum] to the future now . . . when they got it when they were together." The OAG argued that it would be "double dipping" because Father and Mother "used it and spent it together." Alternatively, the OAG argued that the lump sum may only be applied as credit to arrearages owed, and because Father did not owe arrearages at the time the money was disbursed, the lump sum could not be applied prospectively. Thus, the parties disputed how § 154.132 applied.

The trial court reiterated that, while it understood Father's argument and his request for a future credit, in this case, the lump sum had "already been utilized" and depleted by Father and Mother, and "now [Father] want[s] credit for it for this other period of time when it comes to child support" when "both of you-all were involved with that." The trial court denied Father's request for a trial de novo and explained that Mother and Father "were together" and had used and spent the lump sum together, and the trial court could not "follow the logic" in allowing Father to use the lump sum as a child support credit prospectively. Father requested findings of fact and conclusions of law, which the trial

4

court did not file. Father also filed a motion for new trial. The trial court denied the motion. This appeal followed.

## II.    DISCUSSION

By his third issue, Father argues that the trial court failed to apply his lump-sum to his future child support obligations in violation of § 154.132 of the family code and contrary to our holding in *In re R.D.E. See id.* Because this issue is dispositive, we address it first.

### A.    Standard of Review & Applicable Law

"Trial courts have broad discretion in setting child support payments and modifying those payments." *Id.*; *see Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011) ("A trial court has discretion to set child support within the parameters provided by the Texas Family Code."). "We review a trial court's child-support order and confirmation of an arrearage amount for an abuse of discretion." *In re R.D.E.*, 627 S.W.3d at 800. "A trial court abuses its discretion when it rules without regard to guiding rules or principles." *Id.*

"[S]ocial security disability payments should be taken into account when computing a monthly child support obligation." *Id.* at 801; *see* TEX. FAM. CODE ANN. § 154.062(b)(5) (defining an obligor's net resources to include "social security" and "disability" benefits); *see also In re Rich*, 993 S.W.2d 272, 274 (Tex. App.—San Antonio 1999, no pet.) (providing that social security payments are a substitute for a disabled parent's earnings). "An order to pay child support is for the benefit of the child, and if the child support is paid through the receipt of social security benefits on account of a parent, then the purpose of the support order is accomplished." *In re R.D.E.*, 627 S.W.3d at 800 (citing *In re Rich*,

5

993 S.W.2d at 275). Section 154.132 of the family code addresses periodic disability payments, stating that the trial court "shall apply the guidelines by determining the amount of child support that would be ordered under the child support guidelines and subtracting from that total the amount of benefits or the value of the benefits paid to or for the child as a result of the obligor's disability."[2] TEX. FAM. CODE ANN. § 154.132(a). Section 157.009 states:

> In addition to any other credit or offset available to an obligor under this title, if a child for whom the obligor owes child support receives a lump-sum payment as a result of the obligor's disability and that payment is made to the obligee as the representative payee of the child, the obligor is entitled to a credit. The credit under this section is equal to the amount of the lump-sum payment and shall be applied only to any child support arrearage and interest owed by the obligor on behalf of that child at the time the payment is made.

*Id.* § 157.009.

## B. Analysis

The facts in *In re R.D.E.* are analogous to the facts here. In *In re R.D.E.*, the children received a lump-sum disability payment as a result of the obligor's disability. 627 S.W.3d at 801. The trial court properly applied part of the lump-sum disability payment to satisfy the arrearages the obligor owed in accordance with § 154.153. *Id.* The "dispute

---

[2] On September 1, 2023, subsequent to this suit, the legislature amended § 154.132 by adding subsection (b), which states that a lump-sum payment must be credited in accordance with § 157.009. *See* Act of May 23, 2023, 88th Leg., ch. 151 (S.B. 869), § 5, eff. Sept. 1, 2023 (codified at TEX. FAM. CODE ANN. § 154.132(b)). Section 157.009 was similarly amended to prohibit the application of a lump-sum credit to a child support obligation that has not yet accrued. *See* Act of May 23, 2023, 88th Leg., ch. 151 (S.B. 869), § 7, eff. Sept. 1, 2023 (codified at TEX. FAM. CODE ANN. § 157.009(b)). Because this suit was filed prior to the amendments taking effect, we apply the version that was in effect when this action commenced. *See id.* ("A lump-sum payment received before that date is governed by the law in effect on the date the payment was received, and the former law is continued in effect for that purpose.").

concern[ed] what to do with the remaining . . . lump-sum disability benefits received" on behalf of the children. *Id.* The OAG argued that the trial court could not grant an obligor a future pay offset against his prospective child support. *Id.* Specifically, the OAG argued that the obligor was not "entitled to a credit toward his future child support obligations because the family code did not provide for that." *Id.*

We noted that the OAG did not provide us with case law "addressing whether a lump-sum disability payment may be applied as a credit to future monthly child support obligations." *Id.* at 802. Nonetheless, we stated that § 154.132 "does not explicitly or implicitly limit the credit solely to monthly disability payments received on behalf of an obligor's child; rather, it clearly states it applies to all 'benefits paid to or for the child as a result of the obligor's disability.'" *Id.* (quoting TEX. FAM. CODE ANN. § 154.132). Therefore, we determined that the trial court had not abused its discretion by applying the lump-sum disability payment as a credit to the father's future monthly child support obligations. *Id.* We reasoned that the family code "specifically provide[d] for the consideration of social security disability payments when calculating a parent's child support obligation, in modifying child support orders, and in confirming arrearages of child support." *See id.*

In this case, the trial court found that Father's gross monthly net resources were $4,773.23, and the percentage applied to Father's net resources for child support was 3.61%. This percentage was computed by crediting the monthly social security payment E.M.N. receives in the amount of $750[3] to the applicable percentage guidelines as set

---

[3] We note that the evidence provides that E.M.N. receives monthly installments in the amount of $701—not $750. However, Father does not challenge this purported error on appeal.

forth in § 154.125 of the family code. *See* TEX. FAM. CODE ANN. § 154.125 ("Application of Guidelines to Net Resources"). Because Father owed an amount greater than what E.M.N. received in monthly social security disability benefits, the trial court charged Father the difference in the child support amount in accordance with § 154.132. The order did not credit Father's future child support obligations with the lump-sum E.M.N. received, which Father argues was erroneous as per our holding in *In re R.D.E. See* 627 S.W.3d at 803.

We agree with Father that the trial court should have applied Father's lump-sum disability credit to offset his prospective child support obligations. *See id.* While we acknowledge that the family code now expressly prohibits crediting any lump-sum disability payments to offset a child support obligation that has not yet accrued, that version of the statute is not applicable to this case; instead, we must apply the law that was in effect at the time this case was pending. *See San Jacinto Title Servs. of Corpus Christi, LLC v. Kingsley Properties, LP*, 452 S.W.3d 343, 350 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied) (providing that an amendment to a statute "applies prospectively unless it is expressly made retroactive"). Accordingly, we conclude the trial court abused its discretion when it refused to follow this court's reasoning in *In re R.D.E.* We sustain Father's third issue.[4]

---

[4] Having sustained Father's third issue, we need not address his remaining issues as they are not dispositive. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

We reverse the judgment of the trial court and remand the cause for proceedings consistent with our memorandum opinion.

JAIME TIJERINA
Justice

Delivered and filed on the
29th day of August, 2024.